[Sac. No. 6889.   In Bank.   Apr. 24, 1958.]

ELSIE E. COWEE et al., Respondents, v. MATTHEW MARSH, Appellant.

Coyle E. Bybee and Peters & Peters for Appellant.

J. Adrian Palmquist, Manwell & Manwell, James G. Changaris and Francis T. Cornish for Respondents.

THE COURT.—A hearing was granted in this case because at the time the order of transfer was made there was pending in this court, and undetermined, the case of *Goetz* v. *Superior Court*, L. A. 24768 which involved a similar problem. The appeal in that case has since been determined and the judgment therein has become final. (49 Cal.2d 784 [322 P.2d 217].) The decision of the District Court of Appeal of the Third Appellate District is in conformity with the opinion and decision of this court in the Goetz case. The opinion of the District Court of Appeal, authored by Warne, Justice pro tempore, and concurred in by Presiding Justice Van Dyke and Justice Schottky is adopted as the opinion of this court. It is as follows:

"This is a motion to dismiss an appeal from the judgment. The sole question is whether the receipt of a notice of entry of judgment prepared and filed by the clerk of the court started the running of the 10-day period of time for the filing and serving [of notice] of intention to move for a new trial allowed by the provisions of section 659 of the Code of Civil Procedure.

"Judgment was entered on May 2, 1957. No notice of entry of judgment was served by the prevailing party. However, the record shows that notice in writing of entry of judgment was given on the 9th day of May, 1957, by the clerk of the Superior Court of Butte County, by depositing copies of said written notice in the United States mail addressed to counsel for the respective parties at their respective

addresses. Counsel for appellant have their offices in Chico, Butte County, California, approximately 25 miles from the county seat of Butte County. Notice of entry of judgment was received by them on May 10, 1957.

"On June 11, 1957, 32 days after receipt by counsel for appellant of the clerk's notice of entry of judgment, appellant filed notice of intention to move for a new trial. Notice of the motion was served on counsel for respondents the following day.

"Appellant's motion for a new trial was heard over the objections of respondents and was denied on June 28, 1957. Notice of appeal was filed on July 25, 1957, the 84th day after the entry of judgment and the 27th day after denial of appellant's motion for a new trial.

"It is appellant's position that, in order to have any legal effect, the notice of entry of judgment must be given by the attorney for the prevailing party, and that a notice of entry of judgment prepared and served upon all interested parties by the clerk of the superior court does not start the running of the 10-day period for the filing of the notice of intention to move for a new trial as provided for in section 659 of the Code of Civil Procedure.

"Valid service of notice of entry of judgment is necessary to start the time running within which a trial court may pass upon a motion for a new trial (*Gross* v. *Hazeltine*, 206 Cal. 130 [273 P. 550]; Code Civ. Proc., § 660), but it is not necessary to start the time running within which an appeal may be taken. (*Lawson* v. *Guild*, 215 Cal. 378 [10 P.2d 459].)

"The rules on appeal automatically limit the time within which an appeal may be taken, although this limitation may be extended if new trial proceedings be validly begun, but the Legislature has placed no absolute limit upon the time within which the new trial proceedings may be started, except it has provided the time within which a new trial proceeding may be begun can be limited by the giving of a written notice that judgment has been entered. If that notice be not given, then the new trial proceedings may be initiated long after the right of appeal from the judgment may have expired. The statute has not said expressly who may give the notice that fixes a limitation upon the time within which new trial proceedings may be begun. Any party desiring to achieve finality of the judgment may do so by giving the statutory notice. In this case neither party has given such notice

but it is claimed that the clerk of the court has effectively placed a limitation upon the time within which the parties may exercise their right to begin new trial proceedings by himself giving a notice of the entry of judgment. The statute does not make this his duty and hence it follows that, as a ministerial officer, he has no authority to give the notice. His act in giving the notice which he gave in this case, was purely voluntary and ought to be given no more significance than if the same information had been conveyed by any disinterested person not a party to the action. It ought not to be held that the time within which a motion for a new trial could be made has been shortened by the action of the clerk. While the notice did convey information the result of that ought not to be declared to be any more than to bring home to both parties the knowledge that judgment had been entered of record. ▇ Mere possession of knowledge of the entry of judgment is immaterial insofar as it could fix any limitation upon the time within which a notice of intention to move for a new trial might be given by any party desiring to do so.

▇ *"McCordic v. Crawford,* 23 Cal.2d 1, 5 [142 P.2d 7], impliedly at least places the burden of serving notice of entry of judgment on the prevailing party. The court stated:

" 'It is thus left to the prevailing party to take the initiative in insuring the finality of the judgment by serving upon the opposing party written notice of entry of judgment. When he does so, the time within which a motion for new trial may be made (*Labarthe* v. *McRae,* 35 Cal.App.2d 734 [97 P.2d 251]) and granted (*Gross* v. *Hazeltine,* 206 Cal. 130 [273 P. 550]) begins to run. A notice of intention to move for new trial must be filed "within ten (10) days after receiving written notice of the entry of judgment." (Code Civ. Proc., § 659.) Until the date of service there is no restriction on the right to move for a new trial. Thus the date of service of notice of entry of the judgment marks the starting point in this regard as well as for the 60-day period in which the court retains power to grant a motion for new trial.'

"It has long been the custom and practice of California attorneys representing prevailing clients to serve the statutory notice of entry of judgment on the opposing counsel. This custom and practice was recognized in the case of *Jansson* v. *National Steamship Co.,* 34 Cal.App. 483 [168 P. 151]. There the court held that where the prevailing plaintiff assigned a portion of the judgment to his attorney and served the defendant with notice of such assignment, signed by plaintiffs

and not by his attorney, such notice was not sufficient notice of entry of judgment as required by section 659 of the Code of Civil Procedure to start the time running in which a motion for a new trial must be made. While it was held that such document was only intended to give notice of the assignment of judgment and, therefore, did not constitute a notice of entry of judgment, the court went on to quote without disapproval a statement made by the trial judge: 'Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone.'

"Again, in the case of *Harris* v. *Minnesota Investment Co.*, 89 Cal.App. 396, 400 [265 P. 306]:

" '. . . Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone. . . .' (Citing *Jansson* v. *National Steamship Co., supra.*)

"We conclude that under the statutory and case law it is essential to a valid notice of entry of judgment that the notice be given by a party to the action. Of course notice may be waived, as has been held. Knowledge of entry of judgment in and of itself is not sufficient. To hold contrary to the long-accepted practice would unjustly deny appellant his right of appeal."

The motion to dismiss the appeal is denied.