[Civ. No. 9026. Fourth Dist., Div. Two. Oct. 2, 1968.]

WILLIAM M. BRENNAN et al., Plaintiffs and Appellants, v. NICHOLAS S. SPANACH, Defendant and Respondent.

Miller & MacDonald, William M. Bush and James B. Mac-Donald for Plaintiffs and Appellants.

John T. Tomlinson, Jr., for Defendant and Respondent.

McCABE, P. J.—On April 13, 1964, defendant Walter Styffe filed a complaint in the Municipal Court of the Ontario Judicial District, naming plaintiffs herein as defendants. The action was to foreclose a mechanic's lien against property owned by plaintiffs. Subsequently, plaintiffs filed an action in the Superior Court, San Bernardino County, claiming that defendants herein had breached a construction contract. The two actions were consolidated for trial.

At trial, the motion for a nonsuit made by defendants [plaintiffs herein] in the mechanic's lien case was granted. No appeal was taken from the judgment subsequently entered.

The action in the superior court wherein the question of whether defendants had breached their construction contract was then submitted to the jury and a verdict was rendered in plaintiffs' favor with damages found to be $1,200.

Judgment was entered on May 11, 1967, and on May 12, 1967, notice of entry thereof was mailed by the clerk of the court. On May 18, 1967, defendants served notices of motions for a new trial on the ground of insufficiency of the evidence to justify the verdict, and for judgment notwithstanding the verdict, which documents were filed by the county clerk on May 22, 1967.

Following two continuances, the motions were argued before the trial judge on July 14, 1967, and the matters were then submitted. The court's order of that date was as follows:

"As to the Motion for New Trial heretofore submitted, the Court now makes the following ruling and Order:

"The Court is without jurisdiction to rule on the Motion for New Trial. The 60 days expired on July 11, 1967. Stipulation cannot extend time.

"Similarly on the Motion for Judgment Notwithstanding Verdict. Sec. 629, C.C.P.''

On July 17, 1967, the trial judge entered a new order attempting to vacate the prior order and granting defendants' motion for a new trial. The order of July 17 provided:

"Upon reading the case of *Alhambra Cons. Mines* v. *Alhambra Shumway Mines*, 239 C.A.2d 590-597 [49 Cal.Rptr. 38], wherein it is held that service of Notice of Entry of Judgment, to be effective, must be given by a party, and it appearing that no Notice of Entry of Judgment was given by a party in this case, the Order heretofore made indicating lack of jurisdiction is vacated, and a new trial is granted on the ground of insufficiency of the evidence to justify the verdict.''

 Plaintiffs appeal from this order and urge as grounds for reversal: (1) that after July 11, 1967, the trial court was without jurisdiction to rule on defendants' motions; and (2) that, even if the court had jurisdiction to rule on the motions, once the order denying the motions was entered, the trial court was without power to vacate that order. We have concluded that plaintiffs' first contention is meritorious.

Code of Civil Procedure, section 660, provides in pertinent part: "Except as otherwise provided in Section 12a of this code, the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order.''

■ The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for a new trial is in excess of the court's jurisdiction and void. (*Siegal* v. *Superior Court*, 68 Cal.2d 97, 99 [65 Cal.Rptr. 311, 436 P.2d 311], and cases cited.)

■ Defendant seeks to avoid application of this rule by urging that the 60-day time period did not commence to run until May 18, 1967, the date of service of the notice of intention to move for a new trial. It is argued that the limitation period did not run from May 12, 1967, because the notice of entry of judgment was given by the clerk rather than by a party. In support of this position, defendant cites *Cowee* v. *Marsh*, 50 Cal.2d 240 [324 P.2d 553], and *Alhambra Cons. Mines, Inc.* v. *Alhambra Shumway Mines, Inc.*, 239 Cal.App. 2d 590 [49 Cal.Rptr. 38], however, both authorities are clearly distinguishable from the case at bench. The courts in *Cowee* and *Alhambra* were faced with problems of an interpretation of Code of Civil Procedure, section 659, subdivision 2, prior to its amendment in 1965. Before the 1965 amendments the statute was unclear as to whether service of notice of entry of judgment by the clerk would start the 10-day period of limitation of that section running. The Supreme Court in *Cowee* concluded that the statute as it existed in 1958[1] did not provide for service by the clerk and therefore such voluntary service was ineffective. The court in the *Alhambra* case, following the *Cowee* decision, concluded that under the 1959 amendment to section 659[2] service by a party to the action was required and, therefore, service by the clerk would not start any period of limitations running. This section was again amended in 1965 to provide in part as follows: "The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether

---

[1]At that time the statute read in part: "The party intending to move for a new trial must either, (1) before the entry of judgment . . . or (2) within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial . . . ."

[2]The 1959 amendment, Stats. 1959, ch. 469, p. 2404, §1, recast the form of the section and in subdivision 2 substituted the clause "within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier."

the same will be made upon affidavits or the minutes of the court or both, either (1) before the entry of judgment; or (2) within 10 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party or written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earlier.''

Code of Civil Procedure, section 664.5 (Stats. 1965, ch. 1890, p. 4360, § 3, as amended Stats. 1967, ch. 169, p. 1267, § 3; Stats. 1967, ch. 1428, p. 3355, § 1) [3] establishes a mandatory duty for the clerk in connected cases or special proceedings in the superior or municipal courts to mail notice of entry of judgment. We can find no statutory or other authority which would support defendant's contention that to be effective, notice of entry of judgment must *also* be given by a party. The 60-day period of limitation herein began on May 12, 1967, the date notice of entry of judgment was given by the clerk. It expired on July 11, 1967. Defendant's motion was denied by operation of law as of that date. Any and all subsequent orders of the trial court premised upon the motion were made in excess of the court's jurisdiction and were, therefore, void. Since no valid order granting a new trial was rendered within the 60-day period of limitation, the judgment became final and the court below was without jurisdiction to proceed in the matter. (*Siegal* v. *Superior Court, supra,* 68 Cal.2d 97, 103.)

Order reversed.

Kerrigan, J., and Tamura, J., concurred.

---

[3] The 1967 amendments do not affect our conclusion stated herein for they pertain to other procedural matters with which we are not herein concerned.