[No. S053493. Mar. 6, 1997.]

VAN BEURDEN INSURANCE SERVICES, INC., Plaintiff, Cross-defendant and Appellant, v.
CUSTOMIZED WORLDWIDE WEATHER INSURANCE AGENCY,
INC., Defendant, Cross-complainant and Appellant.

COUNSEL

Brekhus, Williams, Wester & Hall, Matthew D. Brekhus and Peter B. Brekhus for Plaintiff, Cross-defendant and Appellant.

Robert A. Lisnow for Defendant, Cross-complainant and Appellant.

OPINION

MOSK, J.—Plaintiff Van Beurden Insurance Services, Inc. (hereafter Van Beurden) appealed from a judgment of the superior court after denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (hereafter sometimes JNOV/new trial motion). The Court of Appeal dismissed the appeal as untimely.

As will appear, the question whether the appeal was timely filed depends on when the time commenced for the superior court to rule on the new trial motion, which, in turn, depends on whether the clerk of the court mailed notice of entry of judgment upon order by the superior court. We conclude that, under the facts presented, the appeal was timely. Accordingly, we reverse the order of the Court of Appeal.

## I.

The procedural history of this matter is undisputed. On October 10, 1991, Van Beurden sued Customized Worldwide Weather Insurance Agency, Inc. (hereafter Customized), to recover damages for breach of a written agreement and on a common count for money had and received. Customized cross-complained for breach of an oral contract and on a common count.

On April 1, 1994, after a five-day trial, a jury found Customized liable to Van Beurden in the amount of $52,081.69; it found Van Beurden liable to Customized in the amount of $187,654.48. The superior court polled the jurors, and directed the clerk to enter the verdict in the minutes. Customized requested permission to make an oral motion for attorney fees and expenses. The superior court directed Customized to file a written motion. The verdict was filed with the clerk and entered in the minutes of trial. Customized, the prevailing party, was ordered to prepare a written judgment.

On April 11, 1994, Customized filed and served an "amended proposed judgment."

On May 18, 1994, the superior court held a hearing on posttrial motions relating to costs, at the conclusion of which it stated: "At this point I think I'll take the matter under submission and give you my decision as soon as I can."

On July 28, 1994, the superior court signed an order on the posttrial motions. On the same day, it signed the judgment. Both the order and judgment were filed on July 28, 1994, and the Clerk of the Kings County Consolidated Courts, acting through a deputy clerk, mailed a file-stamped copy of the order and the judgment to counsel for the parties, along with separate proofs of service. Customized, although the party submitting the judgment for entry, did not thereafter serve notice of entry of judgment, along with proof of service, as required by Code of Civil Procedure section 664.5, subdivision (a).

On August 5, 1994, Van Beurden served a notice of a JNOV/new trial motion. The notice was filed on August 8, 1994. Customized opposed the motion. After a hearing on September 12, 1994, the superior court took the matter under submission. On October 7, 1994, the superior court denied the motion on the merits.

On November 4, 1994, Van Beurden filed a notice of appeal; the clerk of the court mailed notification thereof to Customized on November 7, 1994.

On November 22, 1994, Customized submitted a notice of cross-appeal for filing; it was filed by the superior court on December 12, 1994.[1]

On March 15, 1995, Customized filed a motion to dismiss the appeal as untimely. Van Beurden opposed on the grounds that there was no evidence that the superior court ordered the clerk to mail notice of entry of judgment pursuant to Code of Civil Procedure section 664.5, and that the file-stamped copy of the judgment did not, in any event, constitute such notice. Accordingly, the time for filing notice of appeal extended to 30 days after the date on which the superior court ruled on the new trial motion.

The Court of Appeal dismissed the appeal as untimely, and, on that basis, also dismissed the cross-appeal. It observed that under the California Rules of Court, when a party has served and filed valid notice of intention to move for a new trial and to move for entry of a judgment notwithstanding the verdict, notice of appeal must be filed on the earliest of three possible dates: (1) 30 days after entry of the order denying the motion for a new trial; (2) 30 days after denial of the motion by operation of law; or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 3(d).) It concluded that the crucial question was whether the 60-day jurisdictional time period for ruling on a new trial motion, pursuant to Code of Civil Procedure section 660, ran from July 28, 1994—the date the clerk mailed the file-stamped copy of the judgment—or from August 8, 1994—the date Van Beurden first filed notice of intention to move for a new trial. If the former, the 60th day for ruling on the new trial motion was September 26, 1994, and the appeal, filed more than 30 days thereafter, was untimely. If the latter, the 60th day for ruling on the new trial motion was October 7, 1994, and the appeal, filed less than 30 days thereafter, was timely.

The Court of Appeal, drawing inferences from the record, concluded that there was sufficient indication that the superior court ordered the clerk of the court to mail notice of the entry of the judgment pursuant to Code of Civil Procedure section 664.5, and intended the earliest applicable time limit to apply to any new trial motion. It also ruled that the file-stamped copy of the judgment was equivalent to a "notice of entry" of judgment.

---

[1]Customized submitted the notice of cross-appeal for filing within 20 days after mailing of notification by the superior court of Van Beurden's appeal. California Rules of Court, rule 3(c), in relevant part, provides: "When a timely notice of appeal is filed . . . , any other party may file a notice of appeal within 20 days after mailing of notification by the superior court clerk of such first appeal . . . ." Although the rule refers to the *party* "fil[ing]" notice of appeal, the party is required only to submit a valid notice of appeal for filing *by the clerk of the court*. Customized apparently did so. The notice was timely received and the delay between its receipt and the clerk's ministerial act of filing the notice did not render the notice untimely.

Van Beurden filed a petition for review, presenting the following issue: "What is required for a clerk's mailing of a file-stamped copy of the judgment to be considered a notice of entry of judgment pursuant to Code of Civil Procedure [section] 664.5 such that it triggers the 60 day jurisdictional period for ruling on a motion for a new trial." We granted review.

## II.

■ The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

Ordinarily, an appeal must be filed on or before the earliest of the following dates: "(1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment." (Cal. Rules of Court, rule 2(a).)

The time for appeal is extended if a party files a timely notice of intention to move for a new trial and for entry of a judgment notwithstanding the verdict. (See Code Civ. Proc., §§ 629, 659.) In such case, "the time for filing the notice of appeal from the judgment or from the denial of the motion to enter a judgment notwithstanding the verdict is extended for all parties until the earlier of 30 days after entry of the order denying the motion for a new trial or its denial by operation of law, or 180 days after the entry of the judgment." (Cal. Rules of Court, rule 3(d).) A trial court retains jurisdiction to rule on a valid new trial motion for "60 days from and after the mailing of notice of entry of judgment *by the clerk of the court pursuant to [Code of Civil Procedure s]ection 664.5* or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after the filing of the first notice of intention to move for a new trial." (Code Civ. Proc., § 660, 3d par., italics added.)

Code of Civil Procedure section 664.5, in relevant part, provides: "(a) In any contested action or special proceeding . . . , the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service by mail. . . . [¶] (b) Promptly upon entry

of judgment in a contested action or special proceeding in which a prevailing party is not represented by counsel, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause. [¶] (c) For purposes of this section 'judgment' includes any judgment, decree, or signed order from which an appeal lies. [¶] (d) Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable."[2]

In this case, the clerk of the court mailed a file-stamped copy of the judgment. Customized did not thereafter serve notice of entry of judgment. Van Beurden filed a timely JNOV/new trial motion. The timeliness of its appeal thus depends on whether the clerk's mailing of the copy of the judgment commenced the time for the superior court to rule on Van Beurden's new trial motion, i.e., whether it was mailed "pursuant to section 664.5." (Code Civ. Proc., §§ 629, 660.) If so, the motion was denied by operation of law on September 26, 1994—60 days after the notice was mailed by the clerk—and the appeal, filed more than 30 days thereafter, was untimely. (*Id.*, § 660; Cal. Rules of Court, rule 3(d).) If, however, the clerk's mailing of the file-stamped copy of the judgment was not "pursuant to section 664.5," it did not constitute "notice of entry of judgment." In that case, the superior court had 60 days from the time Van Beurden first filed the new trial motion to rule on the motion—or until October 7, 1994—and, the motion having been denied by order of the superior court on that date, the appeal was timely because it was filed within 30 days thereafter. (Code Civ. Proc., §§ 629, 660; Cal. Rules of Court, rule 3(d).)

a.

■ What is *not* in dispute here is that the clerk's mailing of the file-stamped copy of the judgment commenced the 60-day time limit for ruling

---

[2]In Kings County, which does not maintain a "judgment book," the entry of a judgment occurs upon filing of the judgment. (Code Civ. Proc., § 668.5; *Filipescu* v. *California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 741 [48 Cal.Rptr.2d 736].) Thus, a file-stamped copy of the judgment gives notice of the date of its entry.

The fact that the clerk mails a file-stamped copy of the judgment to the parties, however, does not answer the question whether the clerk did so "[u]pon order of the court." (See *S M Trading, Inc.* v. *Kono* (1988) 198 Cal.App.3d 749, 754 [243 Cal.Rptr. 707] ["A problem arises . . . when in a nonjudgment book county, the court has taken a matter under submission and then issued a final order or a judgment, copies of which are mailed to the parties by the courtroom clerk. The mailing of a file-endorsed copy of the order or judgment could be compliance with [California Rules of Court,] rule 309 which requires a clerk to give notice of the ruling to the parties or it could be notice of entry of judgment or ruling by the clerk upon order of the court as provided in the last sentence of [Code of Civil Procedure] section 664.5."].)

on the new trial motion *only* if it constituted a formal "notice of entry" of judgment mailed by the clerk "[u]pon order of the court." (Code Civ. Proc., § 664.5.) If not, it is immaterial that Van Beurden otherwise received actual notice of the date the judgment was entered. The Court of Appeal correctly so held; the parties agree.

Some review of the legislative history of Code of Civil Procedure section 664.5 is in order.

Until the statute was enacted, notice by the clerk of the court was ineffective to commence any time limitation for ruling on a motion for a new trial. *Cowee* v. *Marsh* (1958) 50 Cal.2d 240 [324 P.2d 553] held that only notice of entry of judgment given by a prevailing party would shorten the time for moving for a new trial. Any notice mailed by the clerk of the court "was purely voluntary and ought to be given no more significance than if the same information had been conveyed by any disinterested person not a party to the action. It ought not to be held that the time within which a motion for a new trial could be made has been shortened by the action of the clerk." (*Id.* at p. 243.)

In 1965, the Legislature enacted Code of Civil Procedure section 664.5, providing in relevant part: "Promptly upon entry of judgment in a superior or municipal court . . . , the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action and shall execute an affidavit of such mailing and place it in the court's file in the case." (Stats. 1965, ch. 1890, § 3, p. 4360.) It thereby created a mandatory duty for the clerk to mail notice of entry of judgment in civil cases. (*Alhambra Consolidated Mines, Inc.* v. *Alhambra Shumway Mines, Inc.* (1966) 239 Cal.App.2d 590, 595 [49 Cal.Rptr. 38].)

Code of Civil Procedure section 659 was also amended in 1965 to provide that notice of intention to move for a new trial must be filed and served "[w]ithin 10 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5." (Stats. 1965, ch. 1890, § 1.5, p. 4359.) Code of Civil Procedure section 660 was not amended to refer to section 664.5. It continued to provide that "the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial." (Stats. 1959, ch. 468, § 1, p. 2403.) In *Brennan* v. *Spanach* (1968) 266 Cal.App.2d 350 [72 Cal.Rptr. 211], the Court of Appeal addressed the question whether the clerk's mailing of notice

pursuant to Code of Civil Procedure section 664.5 constituted service on the moving party of written notice of entry of judgment for the purposes of Code of Civil Procedure section 659; it concluded that it did, because section 664.5 "establishes a mandatory duty for the clerk" to mail notice of entry of judgment. (266 Cal.App.2d at p. 354; cf. *Estate of Hanks* (1967) 255 Cal.App.2d 674 [63 Cal.Rptr. 553] [mailing by clerk does not constitute "service" under Code of Civil Procedure section 660].)

The Legislature subsequently amended Code of Civil Procedure section 660 to refer expressly to notice of entry of judgment by the clerk of the court, pursuant to section 664.5. (See Stats. 1969, ch. 87, § 1, p. 209.) At that time, section 664.5 continued to provide that, "[p]romptly upon entry of judgment in a contested action or special proceeding in a superior court or municipal court, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause." (Stats. 1969, ch. 87, § 2, pp. 209-210.) It also provided, presumably as to uncontested actions or special proceedings, for notice by the clerk if the court so ordered: "Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable." (*Id.* at p. 210.)

Several California Rules of Court also referred to notice by the clerk of the court "pursuant to section 664.5." (See Cal. Rules of Court, former rule 2(a), as adopted in 1965 ["notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure . . ."]; *id.*, rule 309 (former rule 204) [notification by clerk of the court "shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5"].) Indeed, although rule 309 requires the clerk of the court to notify parties forthwith of a ruling, or judgment taken under submission, it constitutes "service of notice" *only* if the notice was required under Code of Civil Procedure section 664.5.

Thus, at least until Code of Civil Procedure section 664.5 was amended in 1981 and 1982, the clerk had a mandatory duty to mail notice of entry of judgment in any contested action or special proceeding in superior or municipal court. Such notice commenced the time within which a party could appeal or move for a new trial; it also limited the time within which the trial court could act on a motion for a new trial.

In 1981, and again in 1982, the Legislature amended Code of Civil Procedure section 664.5 to place the primary burden of providing formal

"notice of entry" of judgment on the party submitting the order or judgment for entry in any contested action, although the court, in exceptional circumstances, may also *order* the clerk of the court to give such notice. Thus, the 1982 statute required notice by the clerk of the court only in municipal or justice court actions or "[u]pon order of the court." It stated, in relevant part: "(a) In any contested action or special proceeding in a superior court . . . , *the party submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding* . . . . [¶] (b) Promptly upon entry of judgment in a contested action or special proceeding in a municipal or justice court, the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of such mailing and place it in the court's file in the cause. [¶] . . . [¶] Upon order of the court in any action or special proceeding, the clerk shall mail notice of entry of any judgment or ruling, whether or not appealable." (Stats. 1982, ch. 559, § 1, p. 2505; see also Stats. 1981, ch. 904, § 1, p. 3437.)

Also in 1982, the Legislature enacted Code of Civil Procedure section 1019.5, providing: "When a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided by this chapter, unless notice is waived by all parties in open court and is entered in the minutes." (Stats. 1982, ch. 704, § 10, pp. 2861-2862.)

Despite these amendments to the Code of Civil Procedure, the timing provisions regarding motions for a new trial (Code Civ. Proc., §§ 659 & 660) continued to reference the date of mailing of notice by the clerk of the court "pursuant to Section 664.5." So, too, did several California Rules of Court, including rule 2(a) and rule 309. (See also Cal. Rules of Court, rule 870(a) [claiming prejudgment costs].) With the exception of rule 2(a), which was revised in 1990 to delete reference to section 664.5, they still do.[3]

---

[3]The Judicial Council revised rule 2(a) in 1990 to provide: *"For the purposes of this subdivision,* a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry.' " (Cal. Rules of Court, rule 2(a), italics added.) The report of the Judicial Council explained: "To eliminate potential confusion about what constitutes notice of entry of judgment sufficient to trigger the 60-day limit for notices of appeal, the [Judicial Council] amended rule 2(a) to provide that the 60-day period for filing a notice of appeal begins when the clerk mails, or a party serves, a document entitled 'notice of entry' or a file-stamped copy of the judgment or appealable order." (Judicial Council of Cal., Ann. Rep. (1990) p. 66.) No corresponding change was made to any other subdivision. Thus, rule 309 continues to distinguish between "notification" by the clerk in the form of a copy of the

Although it certainly has the power to do so, the Legislature has not amended Code of Civil Procedure section 664.5 to provide that a file-stamped copy of a judgment mailed by the clerk of the court constitutes effective "notice of entry" of judgment in all matters—with or without an order of the court. Nor has the Legislature defined "order of the court."

b.

What *is* in dispute here is what constitutes evidence sufficient to establish that the clerk of the court mailed a "notice of entry" of judgment "[u]pon order of the court." In the absence of a written order, our Courts of Appeal have been divided on this question.

In *Pacific City Bank* v. *Los Caballeros Racquet & Sports Club, Ltd.* (1983) 148 Cal.App.3d 223 [195 Cal.Rptr. 776] (hereafter Pacific City Bank), the clerk mailed a copy of the minute order to the parties and filed a certificate of mailing. At the time, California Rules of Court, former rule 2(a) required that, to commence the time for appeal, a clerk's mailing of notice must be "pursuant to section 664.5." (148 Cal.App.3d at p. 226, fn. 14.) The timeliness of the plaintiff's appeal depended on whether the clerk's mailing of a copy of the judgment was "pursuant to order of the court." The Court of Appeal ruled that no express order was required, so long as the record indicated that the court "intended to provide notice to the parties." (148 Cal.App.3d at 227.) It determined that a statement by the superior court at the hearing—" 'The matter's submitted. I'll notify the parties within ten days.' "—was "sufficient to constitute 'order of the court' under section 664.5" because it indicated the "inten[tion] to provide notice to the parties." (*Ibid.*)

Similarly, in *Younesi* v. *Lane* (1991) 228 Cal.App.3d 967 [279 Cal.Rptr. 89], the clerk of the court mailed copies of the judgment and minute order. The Court of Appeal determined that the mailing constituted legally sufficient notice under Code of Civil Procedure section 664.5, even though there was no express order by the court. As in *Pacific City Bank, supra,* 148 Cal.App.3d 223, it inferred that the superior court "intended" to so order: "The minute order recited that 'the Court' ordered Younesi to make a 'noticed' JNOV motion, and referred him to the sections prescribing the requirements for a timely motion. Thus, the court clearly intended to begin the period within which Younesi had to notice his JNOV motion. In any

---

judgment and "service of notice . . . pursuant to Code of Civil Procedure section 664.5." (Cal. Rules of Court, rule 309.)

event, we presume, as we must, that the court knew it had to order the clerk to provide notice, and that the clerk would not have done so gratuitously." (228 Cal.App.3d at p. 974.)

In other cases, our appellate courts have rejected the approach of *Pacific City Bank, supra,* 148 Cal.App.3d 223. In *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946 [238 Cal.Rptr. 691], the superior court stated at a hearing on a motion for child support payments: " 'The matter is submitted. I will decide it pretty promptly.' " (*Id.* at p. 950.) The clerk subsequently mailed a copy of the order to the parties. The Court of Appeal concluded that the mailing did not constitute notice "pursuant to section 664.5." "Although it is arguable that the court's intent to notify the parties of its decision can be inferred from the fact that the court itself, rather than one of the parties, drafted the order at issue, Code of Civil Procedure section 1003 defines 'order' as directions made or entered in writing, and there is no express written indication of the court's intent that the clerk serve notice of the order on the parties." (193 Cal.App.3d at pp. 950-951.)

In *S M Trading, Inc.* v. *Kono, supra,* 198 Cal.App.3d 749, the superior court stated at the hearing on objections to a proposed statement of decision: " '. . . I will then send out my statement of judgment and decision. . . . [¶] . . . Then the matter is deemed submitted, and I will have this out today, gentlemen.' " (*Id.* at p. 751.) The clerk mailed a file-stamped copy of the judgment to parties, along with proof of service. Subsequently, the clerk mailed to parties a "Notice of Entry of Judgment (664.5 CCP)" showing the date judgment was entered. (*Ibid.*)

Writing for the Court of Appeal in *S M Trading, Inc.* v. *Kono, supra,* Justice Benson observed: "We consider the greatest evil to be the uncertainty as to the time limit for filing a notice of appeal created under the present state of the law. . . . [¶] We are asked to decide whether different words used by the trial judge in this action constitute an order or not. These words may be nothing more than a courteous remark by the judge to the parties at the end of a matter which represent a recognition by the court that parties and their counsel are anxious to receive the final ruling. Any interpretation by us would be nothing but 'guesswork' . . . ." (198 Cal.App.3d at p. 756.) The superior court's remarks were insufficient to constitute an order. Rather, "[i]f ordered to do so by the judge, the clerk may give notice of entry of a final order or judgment only by mailing to the parties an additional 'notice of entry' which states the notice is given under section 664.5. The clerk must also execute and place in the file a certificate of mailing of this notice." (*Ibid.*)

We agree with Justice Benson that, in a matter involving jurisdictional restrictions on the right to appeal, we should not engage in "guesswork"

concerning whether the trial court actually ordered the clerk to mail notice of entry of judgment. Nor should parties operate under uncertainty about when they must file an appeal.

For that reason, we also disapprove *Younesi* to the extent it holds that appellate courts must "presume" that any notice of entry of judgment mailed by a clerk of the court was ordered by the court "pursuant to section 664.5." (*Younesi* v. *Lane, supra,* 228 Cal.App.3d at p. 974.)

*Younesi* did not purport to discern such a presumption in Code of Civil Procedure section 664.5 itself, which, on the contrary, "presumes" that notice of entry of judgment will be served by the party submitting the order or judgment for entry. Instead, *Younesi* pointed to the general presumption under Evidence Code section 664 " 'that official duty has been regularly performed.' " (*Younesi* v. *Lane, supra,* 228 Cal.App.3d at p. 974.) The provision is inapplicable. The trial court has no "official duty" pursuant to Code of Civil Procedure section 664.5 to order the clerk to mail notice of entry of judgment. The clerk of the court also ordinarily has no "official duty" pursuant to Code of Civil Procedure section 664.5 to mail notice of entry of judgment—that is the "duty" of the party submitting the order or judgment for entry—*unless* the court orders otherwise. As noted above, when a clerk mails a file-stamped copy of a judgment to the parties, he may be doing so *either* to fulfill his duty under California Rules of Court, rule 309 *or* because he was ordered to do so under Code of Civil Procedure section 664.5. Hence, a presumption that the clerk did so pursuant to section 664.5 is unwarranted.

Moreover, because any such presumption would be rebuttable, it would not avoid uncertainty as to the time limit for filing a notice of appeal, the resolution of which could result in unnecessary delay and expenditure of judicial resources. In this case, for example, any presumption that the clerk acted on order of the court, and that the notice commenced the time limit for ruling on the new trial motion, is arguably rebutted by the fact that the superior court actually ruled on the merits of the motion more than 60 days after the clerk mailed notice, but within 60 days after Van Beurden first filed the motion.

Thus, the Court of Appeal points out that the superior court file in this matter includes a letter from Van Beurden apparently transmitted to the superior court by facsimile on October 7, 1994, stating, in part: "Although it is subject to some interpretation, I believe the jurisdiction for ruling on the

motion for new trial and judgment notwithstanding the verdict may expire today, October 7, 1994. As I would hope that the matter would be decided on its merits rather than on a technical problem, I request that you enter an order today, if possible." The October 7, 1994, date was 60 days from the date Van Beurden first filed notice of motion for a new trial, but more than 60 days after the clerk of the court mailed a copy of the judgment. Thus, if the latter date was operative—i.e., the clerk mailed the notice "[u]pon order of the Court," the new trial motion was denied by operation of law and the superior court no longer had jurisdiction to rule on it. (*Siegal* v. *Superior Court* (1968) 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311] ["The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void."].) The fact that it decided the motion on the merits and issued an order on October 7, 1994—promptly after receipt of the letter from Van Beurden—indicates that it concluded it still retained jurisdiction to do so, i.e., that the time for ruling on the motion ran from the date Van Beurden first filed its motion. That would only be true if it had *not* ordered the clerk to mail notice "pursuant to section 664.5."

To avoid uncertainty, we clarify that—subject to the specified exceptions under Code of Civil Procedure section 664.5, subdivisions (a) and (b), which make notice by the clerk mandatory—when the clerk of the court mails a file-stamped copy of the judgment, it will shorten the time for ruling on the motion for a new trial only when the order itself indicates that the court directed the clerk to mail "notice of entry" of judgment.

Neither parties nor appellate courts should be required to speculate about jurisdictional time limits. There must be some indication in the record that an order by the court was, in fact, made. As Justice Benson stated, a statement on the copy of the judgment mailed by the clerk that "the notice is given under section 664.5" would be effective to shorten the time for ruling on a motion for a new trial, as would a notation that the copy of the judgment was mailed "upon order by the court." We agree, and hold that, to qualify as a notice of entry of judgment under Code of Civil Procedure section 664.5, the clerk's mailed notice must affirmatively state that it was given "upon order by the court" or "under section 664.5," and a certificate of mailing the notice must be executed and placed in the file. (See also Cal. Rules of Court, rule 5(d) [record must include "the judgment appealed from, with an endorsement by the clerk showing the date notice of entry was mailed by the clerk or served by a party"]; *id.*, rule 5.1(b) [same].) In this

way, an appellate court may readily determine whether an appeal was timely.[4]

In the absence of such indication in the notice—again, subject to the specified exceptions under Code of Civil Procedure section 664.5, subdivisions (a) and (b), which make notice by the clerk mandatory—the time for ruling on a motion for a new trial will be shortened only if the party submitting the order or judgment for entry serves notice of entry of judgment on all the parties, files the original notice with the court, and files a proof of service. (Code Civ. Proc., § 664.5, subd. (a).)[5]

### III.

Applying the foregoing analysis to this case, we conclude that the appeal was timely.

We find the following facts dispositive. After trial, the superior court ordered Customized, the prevailing party, to prepare a judgment. Customized submitted a proposed judgment. On July 28, 1994, the judgment was signed and filed by the clerk of the court, and a file-stamped copy thereof was sent to the parties. Customized did not thereupon prepare and serve notice of entry of judgment pursuant to Code of Civil Procedure section 664.5, subdivision (a).

There was no express order directing the clerk to mail "notice of entry" of judgment. Nor did the clerk indicate that the file-stamped copy constituted such "notice of entry" of judgment "pursuant to section 664.5" or "upon order of the court." Accordingly, the clerk's mailing did not shorten the time for Van Beurden to file, or for the superior court to rule on, any motion for a new trial.

Van Beurden filed the JNOV/new trial motion on August 8, 1994. Under the circumstances, the superior court retained jurisdiction to rule on the

---

[4]Contrary to *In re Marriage of Kepley, supra,* 193 Cal.App.3d 946, however, a separate written order by the court is not mandated by Code of Civil Procedure section 1003, which states merely that "[e]very direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order" and not the inverse, i.e., that every order be made or entered in writing.

[5]Such, it appears, is the usual practice for a party, after submitting a proposed order or judgment for entry and receiving a copy of the signed judgment from the court. (See 3 Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1996) ¶ 17:86, p. 17-19 ["[T]he *party submitting the judgment* for entry is required to: [¶] —serve notice of entry of judgment on all parties who have appeared in the action; [¶] —file the original notice with the court; *and* [¶] —file proof of service."].)

motion within 60 days thereof. (Code Civ. Proc., § 660, 3d par.) The appeal, filed within 30 days thereafter was, therefore, timely. (Cal. Rules of Court, rule 3(d).)

The Court of Appeal concluded that the superior court ordered the clerk to mail the notice of entry of judgment. It erred thereby.

The Court of Appeal relied, in large part, on the remark by the trial court at the May 18, 1994, hearing on the posttrial motions: "At this point I think I'll take the matter under submission and give you my decision as soon as I can." It also relied on the October 7, 1994, order, which noted that "Judgment was filed with the court and mailed to [Van Beurden] on July 28, 1994; [Van Beurden's] Notice of Motion for New Trial was filed with the court on August 8, 1994, and served on opposing counsel on August 5, 1994, in accordance with California Code of Civil Procedure Section 659." The Court of Appeal reasoned that "[i]f the court had wanted the relevant time period [for moving for a new trial under Code of Civil Procedure section 659] to be 180 days, it would have described July 28, 1994, as 'the date of entry of judgment,' instead of the date a file-stamped copy of the judgment was mailed to the parties."

Perhaps, but it is mere speculation. At the May 18, 1994, hearing, the superior court indicated only that it would "soon" issue a decision *on the posttrial motions*. It did not actually order the clerk to mail notice of entry of judgment, which it had previously ordered Customized to prepare. Nor does the fact that the October 7, 1994, order recites that judgment was "filed with the court and mailed to [Van Beurden] on July 28, 1994," answer with any certainty the question whether the superior court *ordered* the clerk to mail *notice of entry* of the judgment on that date. The October 7, 1994, order also recites the date on which Van Beurden first filed notice of intention to move for a JNOV/new trial. Although either of these two dates might, depending on the facts, trigger the jurisdictional limit for ruling on a motion for a new trial under Code of Civil Procedure section 660, the order does not specify which of the two dates was operative. Nor does the order's reference to Code of Civil Procedure section 659—governing the time for filing notice of intention to move for a new trial—resolve the ambiguity: Van Beurden's motion for a new trial was timely in any event.[6] Finally, we are left with the question why the superior court would rule *on the merits* of the motion on October 7, 1994, if it no longer had jurisdiction to do so.

---

[6]Under Code of Civil Procedure section 659, Van Beurden was required to file the motion either "[w]ithin 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest . . . ."

Under the circumstances, we cannot conclude with any certainty that the court actually ordered the clerk to mail "notice of entry" of judgment pursuant to Code of Civil Procedure section 664.5. The appeal must be deemed timely.

For these reasons, we reverse the order of the Court of Appeal and remand the cause for adjudication on the merits of the appeal and the cross-appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.