Filed 9/2/20  Edralin v. San Mateo County Employees' etc. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

JEFFREY EDRALIN,

     Petitioner and Appellant,

v.

SAN MATEO COUNTY
EMPLOYEES' RETIREMENT
ASSOCIATION,

     Respondent.

</td><td>

A154435

(San Mateo County
Super. Ct. No. 17CIV03728)

</td></tr>
</table>

We dismiss as untimely this appeal by Petitioner Jeffrey Edralin from an order denying his petition for writ of mandate and motion for reconsideration and/or new trial.

Edralin filed a petition for writ of mandate related to his application for service-connected disability retirement to Respondent San Mateo County Employees' Retirement Association (SAMCERA).  The trial court issued a tentative ruling to deny his petition.  Neither party contested the tentative.  On December 14, 2017, the trial court adopted its tentative ruling.

Edralin then moved for reconsideration or a new trial.  At the February 8, 2018 hearing, the trial court denied his motion and directed counsel for SAMCERA to prepare an order.  Counsel for SAMCERA represented that she

1

would prepare an order that would cover the trial court's rulings on both the petition for writ of mandate, and the motion for reconsideration or new trial.

On March 12, 2018, the trial court issued a combined order that denied the petition for writ of mandate and the motion for reconsideration or new trial. That same day, counsel for SAMCERA served Edralin with a filed-endorsed copy of the order. On March 29, 2018, counsel for SAMCERA also served Edralin with a Notice of Entry of the order.

Edralin filed his notice of appeal on May 29, 2018. The notice states that Edralin appeals from the March 12, 2018 order. After the parties submitted their briefing, we requested supplemental briefing concerning the appeal's timeliness.

Edralin's notice of appeal was untimely. California Rules of Court, rule 8.104(a)(1)(B) provides that a notice of appeal must be filed within 60 days after the appealing party is served with a filed-endorsed copy of the order and proof of service. Edralin filed his notice of appeal 78 days after SAMCERA served him with the March 12, 2018 order.

The fact that Edralin was served with both the March 12, 2018 order and the March 29, 2018 Notice of Entry does not change this result. A notice of appeal must be filed on or before the "earliest" of the deadlines set forth in California Rules of Court, rule 8.104(a)(1). May 11, 2018, was the earliest deadline, calculated from SAMCERA's service of the March 12, 2018 order.

Edralin offers no authority for his proposition that his confusion from the receipt of both an order and notice of entry of the order excuses the untimeliness of his appeal. Instead, he cites to *Valero Refining Company v. Bay Area Air Quality Management District Hearing Board* (2020) 49 Cal.App.5th 618, 633, where the court concluded that a Notice of Entry sent to the wrong mailing address does not trigger the deadline to appeal. *Valero*

2

is not on point here, because Edralin admits he received the file-endorsed copy of the order served on March 12, 2018.

Because Edralin's notice of appeal was untimely, the appeal must be dismissed.  (Cal. Rules of Court, rule 8.406(c) ["[N]o court may extend the time to file a notice of appeal"]; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)[1]

## DISPOSITION

The appeal is dismissed.

---

[1] In light of the dismissal of the appeal, the parties are not entitled to oral argument.

_____
Siggins, P.J.

WE CONCUR:


_____
Fujisaki, J.


_____
Jackson, J.


*Edralin v. SAMCERA*, A154435