Filed 10/4/22  Sheehan v. Campbell CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHELBY SHEEHAN,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>KYLEN CAMPBELL,<br><br>　　　Defendant and Respondent. | A163702<br><br>(Alameda County Super. Ct. No. RF07321698) |

　　　In 2020, Shelby Sheehan and Kylen Campbell reached a settlement regarding child support arrears owed by Campbell.  Sheehan, however, maintained her request for civil penalties on the delinquency under Family Code section 4722.  On May 3, 2021, the family court denied that request.  On May 14, 2021, Sheehan filed a motion for reconsideration.  That motion was denied on August 25, 2021.

　　　Sheehan filed her notice of appeal on October 13, 2021.  The notice states that the appeal is taken from the August 25, 2021 denial of her motion for reconsideration.  An order denying a motion for reconsideration is not separately appealable, but reviewable as part of an appeal from an underlying order that is appealable.  (Code Civ. Proc., § 1008, subds. (a) & (g).)  The civil case information statement filed by Sheehan indicates an appeal of the May 3, 2021 denial of her request for penalties.  But even if we

1

were to construe her appeal as taken from the underlying May 3, 2021 order, that order is no longer appealable.

California Rules of Court, rule 8.104(a)(1)(A) provides that a notice of appeal must be filed within 60 days after the superior court clerk serves the appealing party with a filed-endorsed copy of the order showing the date of service. A motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a) can extend the time for filing a notice of appeal until the *earliest* of (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first motion to reconsider is filed; or (3) 180 days after entry of the appealable order. (Cal. Rules of Court, rule 8.108(e).) Here, Sheehan filed her motion for reconsideration on May 14, 2021, and thus her deadline to appeal the underlying order was August 12, 2021. Sheehan filed a notice of appeal two months after that deadline.

After Sheehan submitted her briefing on appeal, we requested supplemental briefing from the parties concerning this appeal's timeliness.[1] No supplemental briefing was filed. Because Sheehan's appeal of the August 25, 2021 denial of her motion for reconsideration was invalid and any appeal of the May 3, 2021 order was untimely, the appeal must be dismissed. (Cal. Rules of Court, rule 8.406(c) ["[N]o court may extend the time to file a notice of appeal"]; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)

## DISPOSITION

The appeal is dismissed.

---

[1] Respondent did not file any briefing on appeal.

_____
Mayfield, J.*

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.


*Sheehan v. Campbell* (A163702)


     * Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.