Filed 6/27/24  Yang v. Li CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LINLIN YANG,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES HSIAOSHENG LI,<br><br>    Defendant and Appellant. | B332282<br><br>(Los Angeles County Super. Ct. No. 22PDRO00561) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert K. Holmes, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Appeal dismissed.

James Hsiaosheng Li, in pro. per., for Defendant and Appellant.

Garrett & Tully and Candie Y. Chang for Plaintiff and Respondent.

_____

Defendant James Hsiaosheng Li appeals from an order granting plaintiff Linlin Yang's petition for a civil harassment restraining order against him. Because defendant's notice of appeal was not timely filed, we dismiss the appeal.

Plaintiff called police and obtained a temporary restraining order against defendant after he reportedly came to her rental property, threatened her, and used an axe to damage a door of the property.

On February 14, 2023, the superior court heard and granted plaintiff's petition for a civil harassment restraining order against defendant pursuant to Code of Civil Procedure section 527.6. The order restrained defendant from harassing or contacting plaintiff, and prohibited defendant from coming within 100 yards of plaintiff, her rental property, her home, her workplace, her vehicle, her children, and their school for a period of two years.

On August 11, 2023, defendant filed a notice of appeal from the February 14, 2023 order.

A civil harassment restraining order entered under Code of Civil Procedure section 527.6 is appealable as an order granting an injunction. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187; see Code Civ. Proc., § 904.1, subd. (a)(6).) A notice of appeal must be filed within 60 days of service by a party of a judgment or appealable order. (Cal. Rules of Court, rule 8.104; see *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279 [for purposes of rule 8.104, judgment includes an appealable order].) Here, because defendant personally attended the hearing, no proof of service was required.

Defendant's August 11, 2023 filing of his notice of appeal was well beyond the mandatory 60-day period. "The time for

appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) The appellate court must dismiss the appeal if the notice of appeal is not timely filed. (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247; see Cal. Rules of Court, rule 8.104(b) ["no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal"].)

Accordingly, defendant's appeal from the civil harassment restraining order is dismissed. Plaintiff is to recover her costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.