Filed 8/19/24  In re I.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| In re I.B., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,  Plaintiff and Respondent, v. F.C. et al.,  Defendants and Appellants. | E082803  (Super. Ct. No. DPRI2200049)  OPINION |

APPEAL from the Superior Court of Riverside County.  Mona M. Nemat, Judge.

Dismissed in part and affirmed in part.

Janelle B. Price, under appointment by the Court of Appeal, for Defendants and

Appellants.

Minh C. Tran, County Counsel, Teresa K.B. Beecham, and Julie Jarvi,

Deputy County Counsel, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendants and appellants, F.C. and E.C. (the grandparents) purport to appeal several of the juvenile court's orders concerning their minor grandchild, I.B. We dismiss the bulk of the appeal for lack of jurisdiction but otherwise affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, plaintiff and respondent the Riverside County Department of Social Services (the Department) filed a petition on eight-month-old I.B.'s behalf under Welfare and Institutions Code section 300.[1] The petition alleged that I.B.'s mother, who lived with the grandparents, had unaddressed mental health issues. Days later, the Department removed I.B. from Mother's care and placed him with his maternal aunt and uncle.

I.B. remained in their care while the dependency proceedings continued. By all accounts, I.B. thrived in their home. He became emotionally attached and bonded to them, and they provided for all of his needs. Within months, they decided they wanted to adopt him.

In March 2023, the juvenile court terminated reunification services for the parents while authorizing supervised weekly visits for the grandparents but denying them unsupervised visits. In May 2023, the juvenile court denied the grandparents' request for

---

[1] All further statutory references are to the Welfare and Institutions Code.

de facto parent status while grating the aunt and uncle de facto parent status. The grandparents appealed both orders on May 19, 2023 (Case No. E081371).

In July 2023, the grandfather filed a section 388 petition asking that I.B. be placed in his care.

On July 31, 2023, the juvenile court held a hearing on several matters, including the grandfather's section 388 petition, which the court denied. The court then proceeded with a section 366.26 hearing. The court terminated parental rights and freed I.B. for adoption by his aunt and uncle.

About a week later, the grandfather filed a JV-570 form petition seeking access to I.B.'s dependency records, which he sought in order to prosecute the grandparents' then-pending appeal (Case No. E081371). The grandparents then filed a second notice of appeal in Case No. E081371 on August 9, 2023. However, this court dismissed the appeal in September 2023 because the grandparents did not timely file an opening brief. The remittitur issued on November 15, 2023.

On November 27, 2023, the juvenile court denied the grandfather's petition for I.B.'s dependency records.

On December 13, 2023, the grandparents, proceeded in pro. per., filed a notice of appeal (which became this case). The notice states the grandparents appeal "May 9, 2023 De Facto Parent and November 27, 2023 Change of placement/adoption/visitation" and "March 9, 2023 not allowed a hearing, March 28, visitation modified and not allowed to speak, July 31, 2023, not allowed to speak or refute the lies being stated."

3

III.

DISCUSSION

The grandparents argue the Department failed to properly evaluate their request that I.B. be placed in their care, the juvenile court erred by failing to hold a hearing on the matter, and the court erroneously denied their section 388 petition. We need not address these issues, however, because we lack jurisdiction.

A party must generally file a notice of appeal within 60 days after the date of the order being appealed. (Cal. Rules of Court, rule 8.406(a).) "This is a jurisdictional deadline, meaning that courts lack the power to extend it, regardless of whether failure to meet the deadline was 'wilful [*sic*] or inadvertent,' 'reasonable or unreasonable,' or rooted in 'good faith or not.'" (*In re A.R.* (2021) 11 Cal.5th 234, 246.) This means that absent very limited circumstances not present here, "once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

The grandparents filed their notice of appeal in this case on December 13, 2023, purporting to appeal from orders issued in March, May, July, and November 27 of 2023. However, we lack jurisdiction to review the juvenile court's orders issued more than 60 days before December 13, 2023, so we lack jurisdiction to review the juvenile court's orders from March, May, and July of 2023. We therefore dismiss the grandparents' appeal for lack of jurisdiction insofar as the appeal challenges those orders.

That leaves the November 27, 2023, order which we have jurisdiction to review. The only order in the record issued on that date is the juvenile court's order denying the grandparents' request for access to I.B.'s dependency records. The grandparents, however, do not challenge that order in their opening brief. As a result, they fail to show that the order was wrong. To the extent that they challenge that order, they have forfeited any argument and we must affirm the order. (See (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

In their reply brief, the grandparents argue their failure to timely appeal should be excused for two main reasons (1) they represented themselves in the juvenile court and so they filed their notices of appeal without counsel, and (2) they timely filed two notices of appeal in Case No. E081371. But we have no discretion to excuse the grandparents' failure to timely appeal, even if they represented themselves. (See *In re A.R.*, *supra*, 11 Cal.5th at p. 246.) And since we dismissed Case No. E081371 and issued the remittitur in that case months before the grandparents appealed in this case (which means that case final and this court loses jurisdiction over it), the grandparents' filing timely notices of appeal in Case No. E081371 does not grant us jurisdiction in this case. (See *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1500 ["When the remittitur issues, the jurisdiction of the reviewing court terminates and the jurisdiction of the trial court reattaches."].)

In short, we lack jurisdiction to review the orders the grandparents want to challenge on appeal. We therefore dismiss the grandparents' appeal insofar as it

challenges the juvenile court's orders other than the November 27, 2023, order which we affirm.

## IV.

## DISPOSITION

The juvenile court's November 27, 2023, order denying the grandparents' petition for access to I.B.'s dependency records is affirmed. The grandparents' appeal is otherwise dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6