Opinion
 

 VOGEL (C. S.), P. J.—
 

 Introduction
 

 Plaintiff and appellant David E. Hughes filed a notice of appeal from a judgment entered against him in favor of respondents the City of Pomona, the Pomona Police Department, and Richard Shaurette, the chief of police (referred to hereafter collectively as the City). This court directed the parties
 
 *774
 
 to file supplemental briefs to address the issue of whether the notice of appeal was untimely.
 

 The issue presented is whether, when a clerk of the court mails a file-stamped copy of a judgment rendered after the court has taken the matter under submission, the deadline for filing a notice of appeal pursuant to California Rules of Court, rule 2(a), is affected by the provisions of rule 309, regarding notice of determination of submitted matters.
 
 [1]
 
 We hold that it is not. Therefore, the notice of appeal in this case was untimely. The appeal is dismissed due to a lack of jurisdiction to consider it.
 

 Procedural Background
 

 On December 2, 1996, appellant filed a petition for writ of mandate contesting the procedures used by the City in terminating his probationary employment. Hearing on the matter was held on January 29, 1997.
 

 By minute order dated January 31, 1997, the trial court denied appellant’s petition for writ of mandate. At the court’s direction, counsel for the City prepared, served, and filed a proposed statement of decision and a proposed judgment, both of which drew objections from appellant. Thereafter, the trial court signed and filed both a statement of decision and a judgment in favor of the City respondents on March 11, 1997. In its minute order dated March 11, 1997, the court indicated that “[cjopies of the Statement of Decision and Judgment, both signed and filed this date, are sent with copies of this minute order by U.S. Mail this date” to the parties. The City did not serve notice of entry of judgment as required by Code of Civil Procedure section 664.5, subdivision (a), or serve appellant with a file-stamped copy of the judgment.
 

 Appellant filed a notice of appeal on May 13, 1997.
 

 Discussion
 

 At issue here is whether the clerk’s mailing of a file-stamped copy of the judgment on March 11, 1997, commenced the running of the time for filing notice of appeal, even though the matter had been taken under submission by the court before the judgment was entered. Rule 2(a) provides as follows: “Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled ‘notice of entry’ of judgment; (2) 60 days after the date of service of a
 
 *775
 
 document entitled ‘notice of entry’ of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled ‘notice of entry.’ ”
 

 In this case, the clerk of the court mailed a file-stamped copy of the judgment to the parties on March 11, 1997. Sixty days from that date was May 10, 1997, a Saturday. The notice of appeal was filed on Tuesday, May 13, 1997, 63 days after the clerk mailed a filed-stamped copy of the judgment.
 

 Appellant allows that the notice of appeal would be untimely, except for the fact that the matter was taken under submission by the court, thus invoking rule 309. Rule 309 provides that “[w]hen the court . . . makes an order or renders a judgment in a matter it has taken under submission, the clerk shall forthwith notify the parties of the ruling, order or judgment. The notification, which shall specifically identify the matter ruled upon, may be given by mailing the parties a copy of the ruling, order or judgment, and it shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5. The failure of the clerk to give notification shall not extend the time provided by law for performing any act except as provided in rule 2(a) or rule 122(a).” Code of Civil Procedure section 664.5, subdivision (d), indicates that the clerk is required to mail “notice of entry” of judgment “[u]pon order of the court.”
 

 Appellant contends that here, because the matter was submitted and the court did not thereafter order the clerk to mail “notice of entry of judgment,” the clerk’s mailing to the parties a file-stamped copy of the judgment did not constitute service of notice, and therefore appellant had 180 days after the date of entry of the judgment within which to file his notice of appeal. (Rule 2(a)(3).)
 

 We reject appellant’s contention. Rule 2(a) requires that a notice of appeal must be filed within 60 days of the clerk’s mailing to the parties a file-stamped copy of the judgment. No exception is made for matters taken under submission, and no reference is made to rule 309.
 

 As the California Supreme Court pointed out in
 
 Van Beurden Ins. Services, Inc.
 
 v.
 
 Customized Worldwide Weather Ins. Agency, Inc.
 
 (1997) 15 Cal.4th 51, 60-61, footnote 3 [61 Cal.Rptr.2d 166, 931 P.2d 344]: “The Judicial Council revised rule 2(a) in 1990 to provide: ‘For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the
 
 *776
 
 document entitled “notice of entry.” ’ ([Rule 2(a), Supreme Court’s italics deleted].) The report of the Judicial Council explained: ‘To eliminate potential confusion about what constitutes notice of entry of judgment sufficient to trigger the 60-day limit for notices of appeal, the [Judicial Council] amended rule 2(a) to provide that the 60-day period for filing a notice of appeal begins when the clerk mails, or a party serves, a document entitled “notice of entry” or a file-stamped copy of the judgment or appealable order.’ (Judicial Council of Cal., Ann. Rep. (1990) p. 66.) No corresponding change was made to any other subdivision. Thus, rule 309 continues to distinguish between ‘notification’ by the clerk in the form of a copy of the judgment and ‘service of notice . . . pursuant to Code of Civil Procedure section 664.5.’ (Cal. Rules of Court, rule 309.)”
 

 The 1990 amendment to rule 2 rewrote subdivision (a), which previously read: “Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court
 
 pursuant to section 664.5 of the Code of Civil Procedure,
 
 or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3.” (Italics added.) The Judicial Council’s deletion of the reference to Code of Civil Procedure section 664.5 was purposeful and is significant here. The amendment clearly was intended to avoid confusion regarding the time for filing notice of appeal under rule 2(a), by making irrelevant the determination of whether or not the clerk was required to mail notice of entry of judgment, upon order of the court or otherwise. Equally clear is the statement in rule 2(a) that a file-stamped copy of the judgment serves the same function as a document entitled “notice of entry of judgment.” While the distinction between a file-stamped copy of the judgment and a formal “notice of entry of judgment,” and the determination of whether or not the clerk was required to give notice pursuant to Code of Civil Procedure section 664.5, remain significant issues under other circumstances (see, e.g.,
 
 Van Beurden Ins. Services, Inc.
 
 v.
 
 Customized Worldwide Weather Ins. Agency, Inc., supra,
 
 15 Cal.4th 51 [regarding time for filing notice of appeal after denial of a motion for new trial (rule 3 & Code Civ. Proc., § 660)]), they make no difference under the circumstances in the present case.
 

 Rule 309 obviously was intended to serve the function of requiring that a clerk notify the parties of the court’s ruling when a decision has been reached in a matter that was taken under submission. However, its statement that the clerk’s notification “shall constitute
 
 service of notice
 
 only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5”
 
 *777
 
 (italics added), in no way affects the provision in rule 2(a) that a clerk’s mailing a file-stamped copy of the judgment sets the clock running for filing a notice of appeal. Similarly, the statement in rule 309 that “[t]he failure of the clerk to give notification shall not extend the time provided by law for performing any act except as provided in rule 2(a),” merely signifies that if the clerk does not mail a file-stamped copy of the judgment or notice of entry of judgment (rule 2(a)(1)), then the provisions of rule 2(a)(2) or 2(a)(3) apply. (See Eisenberg et al, Cal. Practice Guide; Civil Appeals and Writs (The Rutter Group 1995) ¶¶ 3:38, 3:40, pp. 3-15, 3-17.)
 

 Rule 2(a) was drafted in clear terms to avoid setting a trap for the unwary. Concomitantly, rule 309 was not designed and does not serve to provide a concealed escape hatch from the clear dictates of rule 2(a). Under circumstances in which rule 2(a) is applicable, a notice of appeal must be filed within 60 days after a clerk mails a file-stamped copy of a judgment, regardless of the fact that the matter previously had been taken under submission.
 

 The notice of appeal in this matter was untimely. The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal.
 
 (Van Beurden Ins. Services, Inc.
 
 v.
 
 Customized Worldwide Weather Ins. Agency, Inc., supra,
 
 15 Cal.4th 51, 56, citing
 
 Hollister Convalescent Hosp., Inc.
 
 v.
 
 Rico
 
 (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)
 

 Disposition
 

 The appeal is dismissed.
 

 Epstein, J., and Hastings, J., concurred.
 

 [1]
 

 Hereinafter, all rule references are to the California Rules of Court.