Filed 3/8/13  Ambrose Development v. Quick Silver Towing CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMBROSE DEVELOPMENT LIMITED, | B245881 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC106227) |
| v. | |
| QUICK SILVER TOWING, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Chester Horn, Jr., Judge.  Dismissed.

Law Offices of Clay Lorinsky, Clay Lorinsky for Defendant and Appellant.

Adelman Law Advisors and Jeffrey S. Adelman for Plaintiff and Respondent.

Defendant, Quick Silver Towing, Inc., purports to appeal from a judgment entered on August 14, 2012. On that date, the trial court granted the ex parte application for entry of judgment filed by plaintiff, Ambrose Development Limited. The judgment states that the enforcement of the judgment was stayed until September 4, 2012, or further court order. On August 17, 2012, plaintiff served a notice of ruling of the order granting the ex parte application for entry of judgment. Attached to the notice of ruling is a file-stamped copy of the judgment with the trial court's signature and handwritten stay order. The August 17, 2012 notice was served on defense counsel.

A series of stipulations and orders continuing the stay of enforcement of the judgment were later filed. On August 29, 2012, a stipulation extending the stay until a hearing on September 14, 2012, was filed. The "RECITALS" section of the stipulation states, "Whereas, the Court entered a Judgment for Money ('Judgment') upon Plaintiff's ex parte application on August 14, 2012." The stipulation and recitals were executed by defense counsel and defendant's president and chief executive officer. On October 1, 2012, a similar stipulation was filed and approved by the trial court. On October 31, 2012, the trial court ordered that the stay of the enforcement of judgment as previously agreed to by the parties be vacated. On November 1, 2012 the court's clerk served counsel with the October 31 minutes reflecting the court's rulings on the matters.

The notice of appeal was filed on December 17, 2012.

The service of the file stamped August 17, 2012 judgment on that date triggered the 60 days in which to file the notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(B); see *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 60, fn. 3; *Warmington Old Town Associates v. Tustin Unified School Dist.* (2002) 101 Cal.App.4th 840, 845, 848; *Guardianship of Zachary H.* (1999) 73 Cal.App.4th 51, 60; *Hughes v. City of Pomona* (1998) 63 Cal.App.4th 772, 776-777.) There is no merit to defendant's assertion that the order staying the enforcement of judgment prevented its entry for purposes of California Rules of Court, rule 8.104(a)(1)(B). Defendant has admitted in writing in its August 29, 2012 stipulation and recitals that the judgment was entered on August 14, 2012. The clerk's

"file stamped" date on the judgment is its entry date.  (Code Civ. Proc., § 668.5; *Palmer v. GTE Calif., Inc.* (2003) 30 Cal.4th 1265, 1267-1268; *Filipescu v. California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 741.)  The operative date for filing the notice of appeal is 60 days from when the judgment is entered not when a stay order is vacated.

Even if the October 31, 2012 proceedings are viewed as post trial motions, the notice of appeal deadline would have been extended only to December 1, 30 days after the clerk gave notice of the court's rulings.  (Cal. Rules of Court, rule 8.108.)

The December 17, 2012 filing of the notice of appeal in the present case was untimely.

The appeal is dismissed.  Plaintiff, Ambrose Development Limited, shall recover its costs on appeal from defendant, Quick Silver Towing, Inc.

                              NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS




                    O'NEILL, J.[*]

We concur:



        MOSK, Acting P. J.



        KRIEGLER, J.

---

[*]        Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3