Filed 10/25/13  Robinson v. LaSalle Bank Nat. Assn. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHEILA ROBINSON, et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>LASALLE BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants and Respondents. | H037831<br>(Santa Clara County<br>Super. Ct. No. 108CV124255) |

Plaintiffs Sheila and Stephen Robinson, representing themselves, purport to appeal from a June 2, 2011 judgment that followed an order granting summary judgment in favor of defendants and from a September 23, 2011 judgment of dismissal against Stephen Robinson in the same case.  They attempt to raise a multitude of issues on appeal.

A single notice of appeal from both judgments was filed on January 11, 2012.  We asked the parties to submit supplemental briefs discussing whether the appeals should be dismissed as untimely and whether the appeal from the September 23, 2011 judgment of dismissal should be dismissed as moot.

We will now dismiss the appeals.

1

# I.

## *Procedural History*

The Robinsons' Third Amended Complaint ("Complaint"), which they filed in pro per, alleged three causes of action: (1) breach of oral and implied contract, (2) fraud, and (3) quiet title. Their claims apparently arose from a nonjudicial, trustee's foreclosure sale of residential real property, which the Robinsons allegedly purchased in 1994.

The complaint alleges the following in part. In 2006, after their home had been "refinanced," EMC Mortgage Corporation ("EMC") acquired their loan. On March 26, 2008, the Robinsons offered to "pay, in full, the entire amount of indebtedness owing" in exchange for EMC postponing the scheduled April 3, 2008 trustee's sale for a minimum of 30 days. On March 31, 2008, the Robinsons were informed by an agent of EMC that the scheduled April 3, 2008 trustee's sale was no longer scheduled and would not go forward as scheduled. On April 2, 2008, the Robinsons were informed by the same agent that the trustee's sale was again scheduled for April 3, 2008. The agent denied making any statements leading the plaintiffs to believe that a new 30-day notice of sale would be sent out. After further discussions with another agent on April 3, 2008, the sale was postponed for a week to investigate. It was the Robinsons' claim that, by agreement on March 31, 2008, the trustee's sale had been postponed for at least 30 days. The property was sold in a trustee's sale on April 11, 2008. The Robinsons did not receive a new 30-day notice of sale in regard to the trustee's sale on April 11, 2008.

Defendants demurred to the Robinsons' Complaint on the ground that Stephen Robinson lacked standing to sue because only Sheila Robinson had title to the property and had obtained the loan and Stephen did not have any interest in the property and was not a party to the loan. The parties do not dispute that the court sustained the demurrer without leave to amend on January 5, 2010.

Defendants filed a motion for summary judgment against plaintiff Sheila Robinson. They asserted that there was no triable issue of material fact as to any cause of action.

By order filed June 2, 2011, the trial court granted defendants' motion for summary judgment. The same day, following that order, the court entered judgment in favor of defendants. The judgment recited that there was no triable issue of material fact and defendants were entitled to summary judgment as to all claims asserted in the Complaint. It provided that "Plaintiffs Stephen and Sheila Robinson (collectively, 'Plaintiffs') shall recover nothing against Defendants." It stated: "Judgment is entered in favor of Defendants and against Plaintiff." It stated that defendants were "entitled to recover from Plaintiffs the costs of suit in this action."

On June 15, 2011, the Robinsons filed a motion to reconsider the order granting summary judgment and to vacate the judgment.

On September 23, 2011, a judgment dismissing Stephen Robinson from the action was filed in accordance with the court's "January 5, 2011 [sic]" order sustaining the demurrer on grounds that he lacked standing to sue.

On October 5, 2011, the trial court denied the motion to reconsider the order granting summary judgment and vacate the June 2, 2011 judgment.

On October 12, 2011, the Robinsons filed a motion to set aside and vacate the September 23, 2011 judgment of dismissal on the grounds it "was filed in bad faith and not in compliance with the Court's instructions." They argued that the defendants had deliberately misled the court.

Also on October 12, 2011, the Robinson filed a notice of intent to file a motion for a new trial. The notice stated: "In the Motion for a New Trial, the Plaintiffs will request the Court to vacate and set aside the Summary Judgment Entered in the above referenced Action and grant a new trial on all of the issues and Cause(s) of Action."

3

The Robinsons filed their motion for a new trial on October 21, 2011. They argued in support of the motion that the trial court erred in granting defendant's motion for summary judgment, in denying their motion to reconsider and vacate the June 2, 2011 judgment, and in sustaining defendants' demurrer to the Complaint.

It is undisputed that, on December 15, 2011, the court denied the Robinsons' motion to vacate the September 23, 2011 judgment.

On December 30, 2011, a written order denying the motion for new trial was filed. It appears that the motion for a new trial had already been denied by operation of law.[1]

On January 11, 2012, more than 180 days after the June 2, 2011 judgment, the Robinsons filed a notice of appeal purporting to appeal from the judgments filed on June 2, 2011 and September 23, 2011.

## II

### *Discussion*

A. *Applicable Law*

The normal time of appeal is under California Rules of Court, rule 8.104(a) is, *at the very latest*, 180 days after entry of judgment.[2] Exceptions to this rule are stated in

---

[1] Code of Civil Procedure section 660 provides in part: "Except as otherwise provided in Section 12a of this code, *the power of the court to rule on a motion for a new trial shall expire* 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then *60 days after filing of the first notice of intention to move for a new trial*. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court." (Italics added; see Code Civ. Proc., §§ 12a, 12b, 135; Gov. Code, § 6700, subd. (a).) All further statutory references are to the Code of Civil Procedure.

[2] All further references to rules are to the California Rules of Court. At all relevant times, former rule 8.104(a) stated: "Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the *earliest* of: [¶] (1) 60 days after the superior court clerk serves the party filing the notice of appeal with a document entitled

4

rule 8.108 but rule 8.108 "operates only to extend the time to appeal otherwise prescribed in rule 8.104(a) . . . ."  (Rule 8.108(a).)  "If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs."  (*Ibid.*)

Under former rule 8.108(b)(1), as amended January 1, 2011 and in effect at all relevant times, if a party served and filed "a valid notice of intention to move for a new trial" and the motion for a new trial was denied, the time to appeal from the judgment was extended "until the earliest of" three specified deadlines, the latest being "180 days after entry of judgment."[3]

"An order denying a motion for new trial is nonappealable.  (*Rodriguez v. Barnett* (1959) 52 Cal.2d 154, 156.)  Such an order, however, may be reviewed on appeal from the underlying judgment.  (Code Civ. Proc., § 906; *Hamasaki v. Flotho* (1952) 39 Cal.2d 602, 608.)"  (*Walker v. Los Angeles County Metropolitan Transp. Authority* (2005) 35 Cal.4th 15, 18; cf. § 904.1, subd. (a)(4) [order granting a new trial is appealable].)

Under rule 8.108(c), "[i]f, within the time prescribed by rule 8.104 to appeal from the judgment, any party served and files a valid notice of intention to move--or a valid motion--to vacate the judgment," "the time to appeal from the judgment is extended . . .

---

'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;  [¶]  (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) 180 days after entry of judgment."  (As amended eff. Jan. 1, 2010, italics added.)

[3]      At all relevant times, former rule 8.108(b)(1) provided:  "If any party serves and files a valid notice of intention to move for a new trial, the time to appeal from the judgment is extended for all parties as follows: [¶] (1) If the motion is denied, until the *earliest* of: [¶] (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment."  (As amended eff. Jan. 1, 2011, italics added.)

5

until the earliest" of three specified deadlines, the latest being "180 days after entry of judgment."[4]

Under rule 8.108(e), "[i]f any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended . . . until the earliest of" three specified deadlines, the latest being "180 days after entry of the appealable order."[5]

---

[4] At all relevant times, rule 8.108(c), provided: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move--or a valid motion--to vacate the judgment, the time to appeal from the judgment is extended for all parties until the *earliest* of: [¶] (1) 30 days after the superior court clerk or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move--or motion--is filed; or [¶] (3) 180 days after entry of judgment." (As amended eff. Jan. 1, 2011, italics added.) "The Code of Civil Procedure provides two distinct statutory motions to vacate a judgment: (1) a motion to vacate a judgment and enter 'another and different judgment' because of judicial error (*id*., § 663), which requires a notice of intention to move to vacate (*id*., § 663a); and (2) a motion to vacate a judgment because of mistake, inadvertence, surprise, or neglect, which requires a motion to vacate but not a notice of intention to so move (*id*., § 473, subd. (b)). The courts also recognize certain nonstatutory motions to vacate a judgment, e.g. when the judgment is void on the face of the record or was obtained by extrinsic fraud. [Citation]. Subdivision (c) is intended to apply to all such motions." (Advisory Com. com., 23, Pt. 2 West's Ann. Court Rules (2013 Supp.), foll. rule 8.108, p. 225.) "Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.' [Citation.]" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471.)

[5] At all relevant times, rule 8.108(e) provided: "If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the *earliest* of: [¶] (1) 30 days after the superior court clerk or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Italics added.)

"An order denying a motion for reconsideration made pursuant to subdivision (a) [of section 1008] is not separately appealable."[6] (§ 1008, subd. (g); see § 906.) After entry of judgment, however, a trial court does not have "jurisdiction to entertain or decide a motion for reconsideration. [Citations.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859, fn. 29.)

Thus, under rules 8.104 and 8.108(b), (c), and (e), 180 days after entry of judgment is the very *outside* limit for filing a notice of appeal from a judgment.

"Except as provided in rule 8.66 [public emergency], no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).) "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 (*Van Beurden*).)

B. *Purported Appeal from June 2, 2011 Judgment*

As explained, the absolute latest time for filing an appeal from the June 2, 2011 judgment was 180 days after entry of that judgment. (Rules 8.104, 8.108; former rule 8.108, as amended eff. Jan. 1, 2011.) Since the Robinsons filed their notice of appeal from the June 2, 2011 judgment more than 180 days after its entry, their appeal from that judgment is untimely under any calculation. This court has no jurisdiction to consider

---

[6]     Section 1008, subdivision (a), provides: "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon *new or different* facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Italics added.)

7

their purported appeal from that judgment. (Rules 8.104(a), 8.108(b); *Van Beurden*, *supra*, 15 Cal.4th at p. 56.)

C. *Purported Appeal from September 23, 2011 Judgment*

The court entered a judgment of dismissal against Stephen Robinson on September 23, 2011. Sheila Robinson is not an aggrieved party entitled to appeal from that judgment of dismissal against Stephen Robinson. (See § 902.) In any case, the notice of appeal was not timely filed.

On September 28, 2011, defendants served the Robinsons with notice of the entry of the September 23, 2011 judgment. In this circumstance, the normal time for filing a notice of appeal was on or before 60 days after being served with the notice of entry of judgment. (Rule 8.104(a)(1)(B).) Accordingly, the Robinsons' notice of appeal was not timely filed under rule 8.104(a).

The Robinsons assert that the time for filing a notice of appeal was extended pursuant to rule 8.108(c)(1) until 30 days after January 3, 2011, the date on which they claim defendants served them with the notice of entry of the order denying their motion to vacate the judgment of dismissal. They maintain that, therefore, their notice of appeal from the judgment of dismissal was timely filed on January 11, 2012.

Defendants argue that the Robinsons' motion to vacate judgment was not "valid" as required by rule 8.108(c) and, therefore, it did not serve to extend the time to file a notice of appeal. The Robinsons' motion to vacate specifically relied on sections 657 and 663. We note that section 657 concerns motions for new trial and, therefore, that authority was inapposite.[7] A "section 663 motion simply does not lie to vacate a

---

[7]     Even if the motion to vacate the September 23, 2011 judgment could be deemed a motion for a new trial because the Robinsons relied on section 657, the appellate record does not disclose that the motion was preceded by any "notice of intention" to bring the motion, much less a "valid" notice of such intention. (See § 659; former rule 8.108(b), as

judgment following a demurrer sustained without leave to amend. [Citation.]" (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575.) "As the statutory language indicates, a motion to vacate lies only where a 'different judgment' is compelled by the *facts* found. (§ 663.)" (*Id.* at p. 1574.) The Robinsons' motion did not seek entry of "another and different judgment" (§ 663).

The word "valid" as used in rule 8.108 does not mean "substantively meritorious"; it only means compliance with "all procedural requirements," such as timeliness. (Advisory Com. com., 23, Pt. 2 West's Ann. Court Rules (2013 Supp.) foll. rule 8.108, p. 225.) The above noted defects are not clearly procedural.

We observe a different procedural deficiency, however, in that the record on appeal does not contain a timely notice of intention to file a motion to set aside and vacate a judgment as mandated by section 663a. The Robinsons proceeded by appellants' appendix in lieu of a clerk's transcript and it was their burden to present a record adequate for review. Therefore, the record before us does not establish that a motion predicated on section 663 was valid within the meaning of rule 8.108 and served to extend the time for filing a notice of appeal.

In any event, there is a fatal problem. If it applies, rule 8.108(c) extends the time for filing a notice of appeal to the *earliest* of the three specified deadlines. (See *ante*, fn. 4.) Under the circumstances of this case, and assuming the Robinsons' motion to vacate judgment was valid, the time to appeal from the September 23, 2011 judgment was extended under rule 8.108(c)(2) to 90 days after the motion to vacate judgment was filed on October 12, 2011. Although the Robinsons assert that their notice of appeal was filed "less than 90 days after the Motion [to vacate the judgment of dismissal] was filed,"

---

amended eff. Jan. 1, 2011 ["If any party serves and files a valid notice of intention to move for a new trial," the specified extensions of time apply].)

the ninetieth day fell on January 10, 2012.  Consequently, even if rule 8.108(c) applies, the notice of appeal was filed too late.[8]

DISPOSITION

The appeals are dismissed.


_____

ELIA, J.


WE CONCUR:



_____

RUSHING, P. J.




_____

PREMO, J.



_____

[8]    Stephen Robinson also failed to demonstrate that this court could provide any effectual relief to him even if the appeal from the September 23, 2011 judgment were cognizable.  (See *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316 ["When no effective relief can be granted, an appeal is moot and will be dismissed.  [Citation.]"]; *Paul v. Milk Depots, Inc.* (1962) 62 Cal.2d 129, 132.)