Filed 11/5/13  LBS Financial CU v. Gehron CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LBS FINANCIAL CU,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GEORGE J. GEHRON et al.,<br><br>    Defendants and Appellants. | G047837<br><br>(Super. Ct. No. 30-2011-00519786)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William M. Monroe, Judge.  Appeal dismissed.

George J. Gehron, in pro. per., and Cheryl L. Gehron, in pro. per.; Bret D. Lewis & Associates and Bret D. Lewis, for Defendants and Appellants.

Prenovost, Normandin, Bergh & Dawe, Karel Rocha and Kristin Godeke Baines, for Plaintiff and Respondent.

## INTRODUCTION

This appeal is untimely and must therefore be dismissed. The court granted respondent's summary judgment motion and entered judgment in its favor on August 28, 2012. Respondent served a notice of entry of judgment on September 10, 2012. Appellants did not file their notice of appeal until December 21, 2012, more than 60 days after service of the notice of entry of judgment. Timely filing of a notice of appeal is jurisdictional, and we may not entertain an appeal when the notice is filed too late.

## FACTS

The facts of this case are simply stated. Appellants George and Cheryl Gehron bought a boat on credit from Newport Boats. When they failed to make required payments, respondent LBS Financial CU, as Newport Boats' assignee, sued to collect the amounts owing under the contract and to repossess the boat. LBS moved for summary judgment on both issues, the Gehrons having failed to comply with the court's writ of possession. Before the motion for summary judgment could be heard, the Gehrons returned the boat, so the court ruled only on LBS's claim for contract damages. The court awarded LBS its damages plus interest and ordered LBS to sell the boat and to credit the Gehrons with the proceeds. This judgment was entered on August 28, 2012. LBS served a notice of entry on the Gehrons on September 10.

LBS subsequently moved to obtain attorney fees under the contract. At the same time, it filed a memorandum of costs. The judgment was amended to add costs and attorney fees on October 23, 2012. The judgment was amended yet again, on October 29, to correct an error in wording. LBS served the Gehrons with notices of entry for each of these amended judgments. The amended judgments did not change the original amount of damages and interest or make any other substantive changes in the original award.

The Gehrons filed their notice of appeal from the judgment after an order granting a summary judgment motion on December 21, 2012.

2

## DISCUSSION

A notice of appeal must be filed no later than 60 days after the superior court clerk serves on the appealing party a notice of entry of judgment or a file-stamped copy of the judgment, 60 days after the appealing party serves or is served with a notice of entry of judgment, or 180 days after entry of judgment, whichever is earliest. (Cal. Rules of Court, rule 8.104(a).) These deadlines can be extended under certain circumstances not pertinent here. (See Cal. Rules of Court, rule 8.108.) The timely filing of a notice of appeal is jurisdictional, and a Court of Appeal has no power to entertain an appeal once the deadline has expired. *(Van Beurden Ins. Services, Inc., v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

In this case, the court entered the judgment from which the Gehrons appeal – after an order granting LBS's summary judgment motion – on August 28, 2012. The appeal clock started running on September 11, the day after LBS served the notice of entry of judgment on the Gehrons. They did not file their notice of appeal until December 21, over a month after the time to appeal from the judgment had expired.

If an amended judgment substantially alters an original judgment, the time for filing a notice of appeal starts anew. (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 764-765.) In this case, however, the amended judgment filed in October merely added costs and attorney fees after a postjudgment hearing on these issues. A modification to add costs and fees is not a substantial alteration of the original judgment and does not restart the appellate clock. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) If the Gehrons were dissatisfied with the outcome of the hearing on the fees and costs, they could have filed a separate notice of an appeal from postjudgment orders, (*ibid.*) which, if it had been filed on December 21, would have been timely. There was no appeal from these orders, however. The only order identified in the Gehrons' notice was the one granting LBS's motion for summary judgment. An appellate court's jurisdiction is limited in scope to the notice of appeal and the judgment

3

appealed from.  (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.)  The time to appeal that judgment expired 60 days after service of the notice of entry, well before December 21.

Appellants argued for the first time on appeal that we must reverse because the trial court did not have jurisdiction to hear the case.  They contend the case had to be brought in federal court under the Ship Mortgage Act, 46 U.S.C. §§ 31301 et seq., as a proceeding to foreclose on a preferred ship mortgage.[1]  Appellants are confusing superior court jurisdiction and appellate court jurisdiction.  It may be that the superior court did not have jurisdiction and that the case should have been brought in federal court, under the Ship Mortgage Act.  And it is true that subject-matter jurisdiction may be raised for the first time on appeal.  (*People v. Lara* (2010) 48 Cal.4th 216, 225.)  But "even a void judgment or order is appealable [only] if that judgment or order is otherwise appealable." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200.)  Regardless of the issues in an appeal, the appellate court cannot hear it unless the appellant files a timely notice.  (*Van Beurden Ins. Services, Inc. v Customized Worldwide Weather Ins. Agency, Inc., supra*, 15 Cal.4th at p. 56.)  As we have explained, that did not happen here.

The appeal must be dismissed because we, the Court of Appeal, lack jurisdiction over it.  Whether the superior court had jurisdiction is, at this point, moot because we cannot consider it.

---

[1]    Assuming that the Ship Mortgage Act applies, the obvious response for appellants when they were sued in state court was to demur on grounds of lack of jurisdiction (Code Civ. Proc., § 430.10, subd. (a)) or to petition to remove the case to the district court.  They did neither, and they never raised the jurisdiction issue in the trial court when LBS moved for summary judgment.

**DISPOSITION**

The appeal is dismissed.  Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.