Filed 8/21/15 Kalvans v. Springleaf Financial Services CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARY ANN KALVANS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SPRINGLEAF FINANCIAL SERVICES, INC. et al.,<br><br>    Defendants and Respondents. | H038135<br>(Santa Clara County<br>Super. Ct. No. M92503) |

The trial court granted summary judgment to multiple defendants in a lawsuit stemming from plaintiffs' 2004 real estate purchase. Craig Rambo and Mary Ann Kalvans sued the seller, lender, and title company for failing to disclose title encumbrances, in addition to suing others involved in later refinances and an ultimate foreclosure. Mary Ann Kalvans appeals from several trial court judgments, but she has failed to provide this court with an adequate record to review the merits of the trial court's rulings. She also has violated Rules of Court by presenting no cogent arguments as to how the trial court erred nor record support for any purported error, resulting in the forfeiture of arguments she may have had. Finding no error on the record before us, we will affirm.

# I. FACTUAL BACKGROUND[1]

Plaintiffs purchased real property from Nicholas F. Mizera for $250,000 in July 2004. The property, located in Bradley, California, included several acres and a small single family residence which plaintiffs understood was a legally permitted structure built by Mizera. Plaintiffs financed the property in part with a loan from American General Financial Services, Inc. (American General)[2] secured by a first deed of trust. Although plaintiffs and Mizera were not related, the grant deed transferring the property, signed by Mizera and recorded at the request of American General, showed a tax-free transfer from parent to child. American General obtained an appraisal of the property before financing the purchase. That appraisal showed the transaction as a refinance, with Mizera identified as both the property owner and the borrower.

Fidelity National Title Insurance Company (Fidelity) prepared a preliminary title report for the Bradley property and faxed it to American General before the close of escrow. That report contained three recorded Monterey County code violation notices-a 1995 grading violation, a 1997 building permit violation, and a 1998 construction violation. Fidelity issued a "Loan Policy of Title Insurance" to American General as the beneficiary of the deed of trust securing plaintiffs' loan. The policy excluded coverage against loss or damage arising from the identified code violations. Plaintiffs refinanced with American General twice in 2005. Fidelity insured American General on one (and possibly both) of those transactions, and, according to plaintiffs, never informed them of any code violations. In a January 2008 letter to plaintiffs' counsel, Fidelity explained that the July 2004 policy was issued to American General in conjunction with a refinance

---

[1] We draw the facts from an incomplete record designated by appellant.

[2] At some point during the trial court proceedings, American General became known as Springleaf Financial Services, Inc., and the trial court's judgment was entered in favor of Springleaf. We refer to Springleaf throughout this opinion as American General.

transaction only and that no policy was issued to plaintiffs in the course of that transaction.

In January 2007, in the process of refinancing with a new lender, Heritage Lending, Inc. (Heritage Lending), plaintiffs learned of the code violations. Shortly thereafter, the county released the violations on condition plaintiffs pay a $20,000 bond to insure the property would be brought into code compliance.

Plaintiffs borrowed $160,000 from Heritage Lending in May 2007. That note, due in full on June 1, 2008, was secured by a recorded deed of trust from plaintiffs naming Heritage Lending as trustee and Ted L. Pickett, Robbie J. Pickett, and Henrik Nielsen as beneficiaries.[3] The deed of trust gave the beneficiaries the right to initiate a trustee sale in the event of default. Plaintiffs failed to pay the note, and Nielsen and Pickett elected to foreclose on the Bradley property. In July 2009 they substituted defendant All American Foreclosure Services (All American Foreclosure) as a new trustee under the deed of trust, and All American Foreclosure handled the non-judicial foreclosure.

The Bradley property was sold by All American Foreclosure to Nielsen and Pickett for $140,000. The trustee's deed upon sale, recorded October 1, 2009, stated that All American Foreclosure complied with "all applicable statutory requirements" and "performed all duties required by the Deed of Trust."

On October 2, 2009, Nielsen filed a complaint for unlawful detainer in Monterey County Superior Court, seeking possession of the Bradley property. That case was tried to a jury with a verdict in Nielsen's favor. The jury was specially instructed that Nielson had to prove plaintiffs had defaulted on the Heritage Lending note and the property had been legally sold to Nielsen at a duly noticed foreclosure sale.

---

[3] Ted L. Pickett and Robbie J. Pickett were named as beneficiaries in their capacities as trustees of the Pickett Family Trust. We refer to them collectively as "Pickett." Pickett held a 7.5 percent interest in the trust deed, and Nielsen held the remaining 92.5 percent.

3

In July 2010, American General, as first lien holder, foreclosed on the Bradley property, purchased the property at the foreclosure sale, and later sold the property to third parties.

## II.  TRIAL COURT PROCEEDINGS

### A.    THE THIRD AMENDED COMPLAINT

Plaintiffs' third amended complaint, filed in January 2010, named as defendants Mizera, American General, Fidelity, Heritage Lending, All American Foreclosure, Pickett, and Nielson.[4]  The first, second, and third causes of action, against Mizera only, alleged breach of contract, violation of duty to disclose defects under Civil Code section 1102, et. seq., and fraud and deceit.  The fourth cause of action against American General and Fidelity alleged breach of contract and the covenant of good faith and fair dealing related to the 2004 purchase and 2005 refinances.  Plaintiffs' fifth cause of action alleged fraud and deceit against American General, Fidelity, Nielsen, and Pickett.  The sixth cause of action alleged negligence against American General, Fidelity, and Heritage Lending.  The seventh cause of action sought injunctive relief against all defendants.  The eighth cause of action, alleging an illegal foreclosure sale, was directed at All American Foreclosure, Heritage Lending, Nielsen, and Pickett.  The ninth cause of action, directed at Nielsen, Pickett, and All American Foreclosure, alleged fraud and misrepresentation.

Plaintiffs' complaint sought (1) general, special, and punitive damages, (2) an injunction against commencing, continuing, or maintaining any foreclosure or eviction proceeding against plaintiffs, (3) a finding that the All American Foreclosure trustee sale was illegal, and (4) quiet title of the Bradley property in plaintiffs.

---

[4] Park Plaza Capital, Inc., also a named defendant, was sued regarding its involvement in an unrelated refinance transaction on the Bradley property.  Park Plaza was dismissed from the lawsuit and is not a party to this appeal.  Heritage Lending, who filed for bankruptcy, also is not a party to this appeal.

**B.    DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND KALVANS' APPEALS**

In late 2011 and early 2012, the trial court granted motions for summary judgment filed by American General, Nielsen and Pickett jointly, Pickett, All American Foreclosure, and Fidelity.  The court also denied plaintiffs' motion to vacate the summary judgment in favor of American General.

Appellant Kalvans timely appealed from the judgments in favor of American General, Pickett, and All American Foreclosure, and from the order denying her motion to vacate the American General summary judgment.[5]

Appellant filed a late notice of appeal from the final judgment against Nielsen, and this court granted Nielsen's motion to dismiss on that ground.[6]

Appellant filed a civil case information statement regarding a purported appeal against Fidelity from a judgment entered March 14, 2012.  Because the trial court had no record of a notice of appeal from the Fidelity judgment, our clerk asked appellant's former counsel to provide an endorsed filed copy of that notice.  Unable to do so, counsel informed us by letter that he was "unsure what happened to the file stamped copy" of the Fidelity notice of appeal.  Absent a showing that she filed a timely notice of appeal from the Fidelity judgment, appellant has failed to perfect that appeal, and it is not before us. *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.*

---

[5] The notice of appeal as to American General states an intent to appeal a "judgment after an order granting summary judgment motion" dated January 31, 2012, and "all [o]rders relating to said [r]uling."  Although appellant did not check the box indicating an appeal from "an order after judgment under Code of Civil Procedure section 904.1(a)(2)," which would have applied to the order denying her motion to vacate, we liberally construe her notice of appeal as encompassing that order.  (Cal. Rules of Court, rule 8.100(a)(2).)

[6] Our clerk consolidated appellant's multiple appeals under docket number H038135.  The clerk's September 5, 2012 remittitur was recalled because it failed to indicate that the order granting Nielsen's motion to dismiss pertained only to the appeal from the judgment against Nielsen.  The clerk issued a corrected remittitur on April 18, 2013.

(1997) 15 Cal.4th 51, 56 [appellate court has no jurisdiction to entertain an untimely appeal].)

Appellant's trial counsel, Dale I. Gustin, filed the notices of appeal, designated the appellate record, and completed briefing in this court. After the State Bar ordered the involuntary inactive enrollment of attorney Gustin in June 2014, this court provided appellant the opportunity to hire new counsel, designate a supplemental record on appeal, and file supplemental briefing. Appellant notified us that she would proceed without counsel. Although she indicated she would designate a supplemental record, she has not done so. She filed supplemental opening and reply briefs, and American General and Pickett filed supplemental responsive briefs.

## III.  DISCUSSION

### A.    STANDARD OF REVIEW

Summary judgment is warranted when there are no triable issues of any material facts and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003.) We review an order granting a motion for summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)

In performing our independent review of a defendant's summary judgment motion, "we identify the issues framed by the pleadings since it is these allegations to which the motion must respond … ." (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064.) A defendant moving for summary judgment has the burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar, supra,* 25 Cal.4th at p. 850.) If a defendant's moving papers make a prima facie showing justifying a judgment in its favor, the burden of production shifts to the plaintiff to make a prima facie showing

6

of the existence of a triable issue of material fact.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850.)

In determining whether the parties have met their respective burdens, we must " ' consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation] and must view such evidence [citations] and such inferences [citations] in the light most favorable to the opposing party." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.)  A triable issue of material fact exists "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850, fn. omitted.)

We review an order denying a motion to vacate judgment for an abuse of discretion.  (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1076-1077.)

**B.**     **AMERICAN GENERAL**

American General argues that we should affirm its judgment due to appellant's procedural defaults.  Specifically, American General contends that appellant has not met her burden of furnishing an adequate record, nor has she advanced any coherent argument in her opening brief showing prejudicial error.  We agree on both points.

**1.**     **Appellant Has Designated an Inadequate Record**

" ' "A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 (*Gee*).)  Because error must be affirmatively shown (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*)), appellant has a duty to provide an adequate record to the reviewing court to establish that error.  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348 (*Hotels Nevada*).)  Failure to

7

provide an adequate record for appellate review requires that the reviewing court resolve the issue against the appellant. (*Gee*, at p. 1416; accord, *Hernandez*, at p. 502.)

Appellant's designated record is devoid of filings related to American General's summary judgment motion. The designated record includes plaintiffs' February 10, 2012 motion to vacate summary judgment in favor of American General, supported by several previously filed exhibits. But the record does not contain American General's motion for summary judgment and supporting documents, including any supporting declarations, exhibits, and statement of undisputed facts. Nor does the record contain plaintiffs' opposition to American General's motion, if any, or any reply papers. The record on appeal also does not include the trial court's order granting summary judgment to American General or any reporter's transcripts.

Appellant has failed to show error because she has furnished an inadequate record for us to review. Our standard of review requires consideration of *all* the evidence in support of and against summary judgment. (*Aguilar*, *supra*, 25 Cal.4th at p. 843.) We are unable to determine whether American General's moving papers established a prima facie showing justifying summary judgment in its favor because appellant omitted those papers from the record on appeal. Nor can we review the evidence supporting the trial court's judgment because that evidence was omitted from the appellate record as well. Without a showing of error in the trial court record, we necessarily resolve any challenge to the trial court's December 10, 2011 order in favor of American General. (*Hotels Nevada*, *supra*, 203 Cal.App.4th at p. 348.)

Appellant's designated record also is inadequate for us to review the order denying plaintiffs' motion to vacate summary judgment. Appellant did not designate American General's opposition papers or the trial court's order denying that motion. Without those documents, we are unable to find any abuse of discretion in the trial court's ruling.

8

### 2. Appellant's Briefs Fails to Comply With The California Rules of Court

The California Rules of Court require an appellant's opening brief to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority[.]" (Cal. Rules of Court, rule 8.204(a)(1)(B).)[7] Rule 8.204(a)(1)(C) requires that the brief "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." " ' "An appellate court cannot assume the task of discovering the error in a ruling and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' " (*In re Phoenix* (2009) 47 Cal.4th 835, 845.) An appellant must prove that a trial court's rulings are incorrect "by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) "This rule is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Id.* at p. 656.)

Appellant's amended opening brief fails to comply with rule 8.204(a)(1)(B). The brief, consisting of four parts labeled (1) attorney and case information, (2) prior history, (3) points and authorities for a void judgment, and (4) factual and procedural background, presents no coherent argument. Using italicized, boldfaced, and underscored words, phrases, and sentences, it levels fraud accusations at multiple parties and non-parties to this appeal alike. But it fails to identify trial court error or present argument supported by authority as to how the trial court erred. Appellant claims that Nielsen's eviction was

---

[7] Further rule references are to the California Rules of Court.

unlawful because Nielsen never held perfected title to the Bradley property. But the lawfulness of that eviction is not before this court. Nor are appellant's bald accusations of perjury against Pickett's counsel.

Appellant's numerous factual assertions, including many labeled "undisputed," are not supported by any record citations, in violation of rule 8.204(a)(1)(C). Even when the brief includes record citations, those citations do not support the factual claim. For example, appellant sets forth the following as an "undisputed fact" (emphasis in the original): "**Plaintiff/Appellant** was in loan modification negotiations **with American General Finance to pay off the 'Second Deed of Trust'** when Plaintiff/Appellant was served with a '**3 Day Notice'** by the **Picketts'** and **Nielsens' agent, Donald Vaughn** after an **illegal foreclosure on** the Plaintiff/Appellant property, because the **illegal foreclosure and sale violated** *California Law*; *Senior Loans have priority being first in line, first in rights.*" In support of that assertion, appellant cites plaintiffs' opposition to All American Foreclosure's motion for summary judgment. But that filing, in the same vein as appellant's opening brief, is a run-on list of claims and assertions. The referenced opposition does not factually support appellant's claim that plaintiffs were in loan modification negotiations with American General, that a three-day notice was served, or that any illegal foreclosure occurred.

Appellant's amended opening brief is grossly deficient in that it fails to comply with rules 8.204(a)(1)(B) and (a)(1)(C), and it provides us with no basis to grant relief to appellant. Appellant's self-represented briefs, strikingly similar in style and tone to briefs filed by her former counsel, fare no better. Appellant contends that American General conspired with the seller to falsify the appraisal and trust deed, deliberately concealed the property's code violations, and promised not to foreclose on the property. But appellant points to nothing in the record demonstrating conspiracy, fraud, or broken promises, much less trial court error. We will affirm the trial court's ruling in favor of American General, which is presumed correct, because appellant has failed to demonstrate error.

10

## C.  PICKETT

Nielsen and Pickett moved jointly for summary judgment.  They argued that the claims against them were tried and resolved in the unlawful detainer action, and res judicata barred plaintiffs from relitigating those claims. [8]  In September 2011, the court granted the motion in full as to Nielsen because plaintiffs did not dispute defendants' statement of material facts in support of that motion.  As to Pickett (who was not a party to the unlawful detainer action), the court granted the motion except on plaintiffs' fifth cause of action for fraud and deceit.  Pickett prevailed on a later motion for summary judgment on that claim.  The trial court noted that plaintiffs filed no statement of separate facts in opposition to Pickett's separate motion, and pleaded no facts in the third amended complaint specifying fraudulent conduct by Pickett.

Pickett argues that the trial court's ruling on plaintiffs' fifth cause of action should be affirmed because the third amended complaint contained no factual allegations of fraud against him.  Pickett further points out that appellant attempts to construct a theory of fraud based on alleged facts outside the record.  We agree that appellant has not met her burden of showing error in the trial court's summary judgment as to Pickett.  None of appellant's briefs address the pleading deficiency or plaintiffs' failure to file a separate statement of undisputed material facts in opposition to Pickett's motion, as required by rules 3.1350(e)(2) and (f).

Further, the appellate record is insufficient for us to assess trial court error.  Although appellant designated her own opposition to Pickett's motion for summary judgment and two declarations filed in support of that opposition, she failed to designate as part of the record on appeal Pickett's motion for summary judgment or any filings supporting the motion.  On this record, we are compelled to affirm the January 31, 2012

---

[8] Respondent All American Foreclosure designated additional documents as part of the appellate record, including the Nielsen/Pickett moving papers and corresponding judgment, allowing us to summarize those documents here.

11

judgment in favor of Pickett. (*Gee*, *supra*, 99 Cal.App.4th at p. 1416; *Hernandez*, *supra*, 78 Cal.App.4th at p. 502.)

Pickett contends this appeal involves only his individual motion for summary judgment because appellant failed to timely appeal from the earlier disposition of the joint Nielsen/Pickett motion for summary judgment, noting this court's dismissal of Nielsen's appeal from that judgment. Although the September 2011 judgment was final as to Nielson because it disposed of all causes of action against him (*Justus v. Atchison* (1977) 19 Cal.3d 564, 567-568 [judgment resolving all issues between two parties is considered final and appealable in multiparty actions]), that judgment did not dispose of all causes of action against Pickett. The September judgment was not appealable as to Pickett until final judgment was entered as to him, which occurred on January 31, 2012. Appellant filed a timely notice of appeal from the January judgment "and all [o]rders relating to said [r]uling." We construe the notice of appeal liberally to encompass the earlier non-appealable interlocutory judgment in favor of Pickett. (Rule 8.100(a)(2); see also *Gavin W. v. YMCA of Metropolitan Los Angeles* (2003) 106 Cal.App.4th 662, 668-669 [construing notice of appeal from final judgment to encompass review of nonappealable interlocutory order].)

We will also affirm the September 2011 ruling as to Pickett because appellant has advanced no argument as to why the trial court's res judicata ruling was incorrect. As far as we can tell, appellant is dissatisfied with the outcome of the unlawful detainer case and has appealed that ruling to the superior court's appellate division. Appellant contends that ruling, as well as the summary judgment rulings on appeal in this case, should be set aside as void because they are grounded in fraud. But our task is to review the trial court's final orders and judgments for error. Any motion to set aside a void judgment must be made to the trial court before we may pass on such matter. (Code Civ. Proc., § 473, subd. (d).)

12

**D.    ALL AMERICAN FORECLOSURE**

To support the appeal from the judgment in favor of All American Foreclosure, appellant designated plaintiffs' opposition to All American Foreclosure's summary judgment motion, opposition to All American Foreclosure's undisputed material facts, and several exhibits.  In addition to All American Foreclosure's notice of trustee's sale, substitution of trustee, and trustee's deed upon sale, those exhibits included American General's deed of trust, trustee's deed upon sale, and grant deed to a third party purchaser, and Heritage Lending bankruptcy documents.  All American Foreclosure supplemented the record on appeal by designating its moving papers, relevant filings relating to the Nielsen/Pickett summary judgment motion, and the trial court's judgment.

All American Foreclosure argues that we should affirm its judgment because appellant's opening brief makes no coherent argument showing prejudicial error.  We agree.  Appellant does not address the trial court's collateral estoppel ruling in any of her briefing, and we find no error on the record before us.

## IV.  DISPOSITION

The judgments in favor of American General, Pickett, and All American Foreclosure, and the order denying plaintiffs' motion to vacate the judgment in favor of American General, are affirmed.[9]

---

[9] We dispose of appellant's petition for writ of supersedeas, filed during the pendency of this appeal, by a separate order filed this day.

13

_____
Grover, J.

**WE CONCUR:**


_____
Bamattre-Manoukian, Acting P.J.


_____
Mihara, J.